Woods et al. vs. Rainey.

WOODS ET AL. vs. RAINEY.

1. It appeared that defendants signed an obligation to pay to the State of Missouri the sum of ten thousand dollars upon a failure to perform certain conditions, but the conditions were not stated in the petition, and the bond was not upon the record. Held, that the petition was insufficient.

ERROR to Greene Circuit Court.

WINSTON, for plaintiffs in error.

Final judgment cannot be entered on default in an action to recover unliquidated demands: U. S. Digest, vol. 2, page 641, sec. 67.

Judgment on bond with a special condition must he entered for the penalty: U. S. Digest, vol. 2, page 624, sec. 107.

In debt on a penal bond, conditioned for the performance of covenants, the final judgment for the plaintiff is for the debt that is the penalty of the bond and for costs; and execution is awarded for the damages assessed. The execution following the judgment is for the debt (penalty) and costs, but is endorsed to levy the amount of damages assessed, together with the costs of suit: U. S. Digest, page 643, sec. 120.

EDWARDS & PRICE, for defendant in error.

1. The defendants having been duly served with process, and failing to answer, the proper judgment was a judgment by default for the amount claimed by petitioner, as stated and sworn to in the petition. The only judgment which the court could give was the relief prayed for in the petition. Practice in courts of Justice, Sess. Acts of 1849, art. 17, secs. 2 and 3, art. 12.

2. The said defendants, not being materially injured by the judgment of the circuit court, the errors complained of being only as to form and not materially affecting the merits of the action, the supreme court will not therefore reverse the judgment of the circuit court: Code of Practice, 1849, art. 19, sec. 17.

GAMBLE, J., delivered the opinion of the court.

Sarah Rainey filed her petition against Woods and others, alleging that she was a legatee under the will of George R. Rainey, deceased; that Emily Rainey, the widow of the said deceased was the executrix of the will, and that by her subsequent marriage her letters testamentary were rendered void. The petition then states "that the defendants, Woods, Hickman and Hickman, made their writing by which they bound themselves to pay to the State of Missouri the sum of ten thousand dollars, to be void upon certain conditions therein mentioned and expressed as will more fully appear by reference to said writing, which is now here to the court shown and prayed to be made part of the petition." The petition then proceeds to aver, that the defendant, Woods, as administrator de bonis non of the estate of George R. Rainey, dec'd., after the lapse of three years from the date of his letters, has in his hands after paying all the debts of the estate, the sum of three hundred and sixty dollars due plaintiff under the will of George R. Rainey, for which plaintiff asks judgment on the bond of the defendants.

Process being served upon all of the defendants, a judgment by default was rendered against them for want of an answer for $305 74 1-2 damages, apparently without any assessment by a jury or by the court; for the entry of the recovery immediately succeeds the statement of the failure to answer. A motion was made to set aside the judgment, but the grounds of the motion do not appear upon the record, there being no bill of exceptions in the case.

The only question to be considered, is whether the petition presents a case upon which the plaintiff was entitled to a judgment against the defendants. It appears that they signed an obligation to pay to the State of Missouri the sum of ten thousand dollars upon a failure to perform certain conditions, but the conditions are not stated, and the bond is not upon the record. There is nothing upon the record to connect

the defendants, Hickmans, with the estate of George R. Rainey or with its administration.

For the want of a sufficient statement of a cause of action, the judgment will be reversed and the cause remanded that the plaintiff may have the benefit of the liberal provisions in our present law allowing amendments.