STATE TO USE OF ANDREW M. DRURY, Plaintiff in Error, v. LAWSON G. DRURY et al., Defendants in Error.

*Guardian and Ward—Securities.*—The securities of a curator who has committed a breach of his bond by converting the moneys of his ward to his own use, will be held liable upon their undertaking although the curator may have subsequently given an additional bond, and have made settlements carrying down the balance due his ward so as to make the securities upon the new bond also liable. A judgment against the securities in the second bond for the whole balance due at the last settlement of the curator, will not discharge the securities upon the first bond from their liability for any acts done before the second bond was given. There can be but one satisfaction, but the ward may pursue all his remedies until he has been fully paid. *Quære* as to the liability of the securities upon the different bonds to contribution.

*Error to Montgomery Circuit Court.*

For statement of facts, see opinion.

The following are the instructions asked by the plaintiff and refused:

1. If Drury was a member of the firm of Watkins & Drury, and did, in the year 1854, carry the money of his ward, A. M. Drury, into said firm, either as a loan or as a part of the capital stock of said firm, then that was a conversion of the funds in his hands as guardian, and a breach of his bond.

2. If Drury put the money in the firm of Watkins & Drury, a firm of which Drury was a member, and there was no special contract with the other member of said firm to pay interest, and said firm in fact did not pay interest on said money, then that was a breach of his bond.

3. If Drury, in the year 1854, used or appropriated the money of his ward to his own use, without first obtaining the leave of the County Court of Montgomery county and the assent of his securities, then that was a breach of his bond, and the plaintiff is entitled to recover the damages sustained by reason of his said unlawful conversion.

*J. B. Henderson*, for plaintiff in error.

I. The bond sued on is conditioned that the defendant Lawson G. Drury shall faithfully discharge his duties as curator. (R. C. 1845, p. 551, § 23; R. C. 1855, p. 827, § 3.)

II. If the act putting the money into the firm of Watkins & Drury without security and without leave of the court was an act not sanctioned by the law as it then stood, the condition of the bond was broken at the moment of investment and a right of action accrued; and if through the consequences of this act the money thus invested was ultimately lost, the plaintiff is entitled to recover the amount of damages sustained by such wrongful investment. (R. C. 1845, p. 68, §§ 35-6-7; *id.* p. 550, § 17; 1 R. C. 1855, p. 825, § 18, & p. 120, § 39.)

III. The pendency of a suit on the second bond is no bar or obstacle to the prosecution of this suit, for a right of action may well exist on both bonds. The curator may have broken the condition of both.

IV. If the act of March 13, 1854, loaning the money to or investing it in the firm of Watkins & Drury, was an act of misconduct on the part of the curator—one not in accordance to the law regulating the disposition of such funds—then no settlements made by the curator after giving the second bond can affect the right of the ward to sue on such original breach and recover the damages sustained in conse-

quence thereof. If such were the case, the curator would enjoy the advantage of making evidence in his own behalf, and thus curing a violation of his contract by a false statement of his own. The cases, therefore, cited by defendants' counsel in 27 and 34 Mo., were never intended to sustain such a position.

*Dyer*, for defendants in error.

I. The plaintiff will not be permitted to go behind the settlements of the county court to show that there was no money in the hands of the guardian at the time the second bond was given. The settlements in the county court are judgments, and are binding upon the securities. (Taylor v. Hunt's Exec'r, and others, 34 Mo. 205; State to use of Griffith v. Holt, 27 Mo. 340, and authorities there cited; Mitchell v. Williams, 27 Mo. 399, and authorities there cited.)

II. The court below rendered a judgment against the principal and his securities on the second bond for the amount of money, and for the same breaches that they seek to recover on in this case. The plaintiff is entitled to but one judgment.

III. The record shows that the amount ascertained to be due the ward in the settlement of the guardian in 1857, at the time and before the first bondsmen were released, was carried forward by the guardian in his subsequent settlements (and after the execution of the second bond and the release of the securities of the first) as so much on hand, and was by the county court in its judgment found correct.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon a curator's bond against the principal and his securities, founded upon breaches which occurred during the period of their liability, and before the securities were discharged from any further liability for the failure or misconduct of their principal, in consequence of a new and additional bond, with new securities, having been ordered and given to the satisfaction of the county court. There

was ample evidence tending to establish several of the breaches alleged during the period of the liability of the defendants.

It appeared that the curator had converted the funds of his ward to his own use, by investing them in the business of a mercantile partnership of which he was a member, without taking security of any kind, and without the leave of the court or the consent of the securities, but that he had made annual settlements with the county court having jurisdiction of such matters; that when he was required by the court to give a supplemental bond, and at the time when the new bond was given, his last settlement showed a balance in his hands amounting to $6,121.61; and that, at the next term after the new bond was given, another settlement was made showing a balance of $6,510.01 against him. This balance was demanded by his successor, who had been duly appointed, and payment was refused. The correctness of the accounts thus settled was not disputed.

It further appears that a suit had been brought by the successor, in the name of the State to the use of his ward, against the principal and his securities on the second bond, grounded upon breaches alleged to have taken place after the second bond was given, and chiefly upon the failure of the removed curator to pay over the balance ascertained to be due by his last settlement, and that a judgment had been obtained against them for the amount. The defence had been set up in the suit, that the money shown by the last settlement to be due was not then actually in the hands of the curator, but that the whole amount had been wasted during the period of the first bond. This defence appears to have proved unavailing.

At the close of the evidence on the trial of the cause, instructions were asked by the plaintiff to the effect that the investment of the funds in the partnership business, with or without a special contract to pay interest, or an appropriation of the funds by the curator to his own use without the leave of the court and the assent of the securities, was a.

conversion of the funds and a breach of the bond which made the defendants liable. These instructions were refused, and the verdict being for the defendants, there was a motion for a new trial, and the case comes up by writ of error.

It is contended, on the part of the defendants, that the settlements of the curator were judgments, and conclusive in exoneration of the securities on the first bond, and that the plaintiff here, having obtained one judgment upon the second bond, is not now entitled to have another upon the first bond for the same breaches.

It is to be observed, first, that it clearly appears by the record, that the breaches assigned in the two suits are not entirely the same. Those alleged in the former suit consisted merely in the refusal or failure of the removed curator to account for and pay over to his successor the balance in his hands as ascertained by his last settlement. In this suit, the first two breaches assigned are indeed essentially the same as before, but the last three allege a conversion of the funds during the period of the first bond, in such manner as to show gross misconduct and a clear breach of trust, and, in consequence thereof, a failure and refusal to pay over to his successor the balance of his last settlement. The instructions which were refused may be considered as having been predicated upon these last breaches; and the plaintiff was entitled to recover if he established either one of them, unless some valid defence was shown.

The bond of the curator was conditioned for the faithful discharge of his duties according to law, as the statute required (R. C. 1845, p. 550, § 17), and the same statute gave the court power "to order supplementary security to be given for the same causes, in the same manner, and with like effect," as in cases of administrators (§ 17); and the "Act concerning administrators" (R. C. 1845, p. 88, § 37) provided "that such additional bond, when given and approved, shall discharge the former securities from any liability arising from any misconduct of the principal after filing the

19—VOL. XXXVI.

same, and such former securities shall only be liable for such misconduct as happened prior to the giving of such new bond." The plain intent of these acts was that the security should be accumulative, and not an entire substitution of the one bond for the other. It is not a novation, which is either a necessary or a voluntary and intentional substitution of the one obligation for the other, whereby the former would become wholly extinguished. (Burge on Sur. 187.) This matter is not left open to construction; for the act expressly declares that the new bond shall not discharge the securities in the former bond from any liability arising from the misconduct of their principal prior to the giving of such new bond; they are discharged only from liability arising from any misconduct or failure of the principal after the new bond is given.

Now, in so far as the failure of the curator to pay over the balance of his last settlement to his successor alone constituted the breach and the failure to perform his duty according to law, it may be truly said to have taken place wholly under the second bond; and for that alone the securities in that bond were clearly liable. On the other hand, it is equally clear that for any breach predicated upon misconduct occurring during the period of the first bond, and before the giving of the second, or upon any failure to discharge his duties according to law during that time, whereby a loss was occasioned, the securities on the first bond can alone be held liable. But in order that such a breach should be available to the plaintiff, and entitle him to recover, it was necessary that he should make it appear that the misconduct complained of had resulted in actual loss to his ward; and, therefore, it was entirely proper that he should, at the same time, allege as a part of the breach, that the curator had also failed to pay over to his successor, after his removal, the amount of funds in his hands, as ascertained by his last previous settlement. His cause of action against the defendants did not accrue until the curator had failed,

or refused, to account for and pay over to his successor the balance found due by his settlement, and his default had become complete. (Burge on Sur. 322.)

It might be seriously questioned whether, under the first two breaches here assigned, evidence would have been admissible to show a loss arising from any other misconduct, or any other failure of duty, than that averred in those breaches, namely, the failure to pay over the balance of the last settlement; but the evidence which was offered was clearly admissible on the three last breaches, and it furnished a sufficient basis for the instructions which were asked by the plaintiff. Indeed, it would seem to be clear that the two first breaches were grounded upon a failure of duty which occurred wholly during the time of the second bond, and that on them alone the defendants in this case would not be held liable, for the statute declares that they shall not be liable for any misconduct of the principal occurring after the giving of the new bond. And it appears to have been precisely on this breach and failure of duty, that the recovery was had on the second bond, in the former suit.

The other breaches were proved, as alleged in this case, beyond any doubt; and the evidence showed a case of gross misconduct, during the period of the first bond, which finally resulted in actual loss to the ward. The affirmative of the issue was fully established. By the express terms of the bond, the securities had undertaken to be responsible for any loss that should occur during the period of their liability, by reason of any failure on the part of their principal to discharge his duties according to law. The case of the State to the use of Smith v. Paul's Exec'r (21 Mo. 51) was in many respects very much like this. The bond of the curator was exhibited as a demand in the probate court against Paul's estate, and similar breaches were relied upon. Paul, the surety, had died, and a new bond had been given after his death, and the settlements of the curator had been carried forward into the time of the new bond, showing a balance due the ward. The plaintiff had waived the presumption that

would have arisen against the securities in the second bond from the fact of a settlement, that the money still remained in the hands of the curator, and proceeded at once against the surety in the first bond, basing her demand upon the misconduct of the principal in converting the money to his own use, in fact, during the time when Paul was security; and it was held that, in order to establish her demand against Paul, the surety in the first bond, the burden of proof lay upon her to show that the money had been actually spent or converted whilst Paul was security. And it was averred as part of the breach alleged, not only that the money had been wasted, but that the curator had failed to pay over to his successor, on demand, the balance ascertained to be due by the last settlement, which had been made under the second bond. The decision distinctly recognizes the position here taken, that if a conversion of the funds took place during the time of the first bond, whereby a loss occurred, the defendants must be held liable, notwithstanding there may have been a breach and a liability under the second bond also.

It is insisted for the defendants that the last settlement of the curator was a judgment of a court of competent jurisdiction, and conclusive at law upon all parties. It is not to be questioned that settlements of this kind are equivalent to judgments, and conclusive at law between the parties, as to the existence of the debt and the correctness of the account thus settled and adjudicated; and they can be re-examined only in a court of equity on the ground of fraud, or under some other head of equitable jurisdiction (Jones v. Bunker, 20 Mo. 87; State v. Roland, 23 Mo. 95; State v. Grace, 26 Mo. 87; Mitchell v. Williams, 27 Mo. 399); and they are held to be equally conclusive, to the same effect, and for the same purposes, against the securities on official bonds of this nature depending on the express terms of their engagement, and not merely upon the simple relation of principal and surety. (State v. Holt, 27 Mo. 340; Taylor v. Hunt, 34 Mo. 207.)

But here, the correctness of the account thus settled, and

State to use, &c., v. Drury.

the validity of the settlement as a judgment which ascertains the fact and amount of the indebtedness of the curator, are not at all called in question. The inquiry here is only concerning the misconduct of the curator and his failure to discharge his duties according to law during the period of the first bond, whereby he has rendered himself unable to pay the debt so conclusively ascertained, thus occasioning a loss to his ward, which is the very thing for which the securities undertook to be liable on their bond. In such case, the obligation of the securities does not expire, when the period of time for which they became responsible has expired, either by the terms of the instrument or by force of the statute, unless there has been no act or default by the principal during that period, whereby a loss has occurred. (Burge on Sur. 113.)

Nor can it make any difference that there may be at the same time two judgments against different sets of securities on distinct bonds; for, as we have seen, the intent of the statute is, that the security shall be supplementary, additional and cumulative. The debt, or cause of action on the first bond, was merged in the judgment; but the judgment is still only a security for the original cause of action, and until full satisfaction be made it cannot operate to discharge or extinguish any other collateral and concurrent remedy which the plaintiff may have. (Burge on Sur. 178; Drake v. Mitchell, 3 East. 258.) Of course, there can be but one satisfaction; but the plaintiff has the right to pursue his remedies against all parties who have become responsible to him, until he has been fully paid.

To what extent, or in what cases, there might be ground for contribution among the securities on the two distinct bonds, after payment, we are not now called upon to decide.

We are of the opinion that the instructions asked by the plaintiff should have been given, and that a new trial should be granted.

Judgment reversed and cause remanded. Judge Wagner concurs. Judge Lovelace not sitting, having been of counsel.