———+●-0-●+———

JAMES P. LANGFORD, FANNY B. STEPHENSON (EXECUTRIX OF JAMES N. STEPHENSON, DEC'D), JACOB GRIMM, AND HENRY GRIMM, Respondents, v. LORENZO P. SANGER, HART S. STEWART, JAMES S. SANGER, J. A. HENRICKS, ERVIN CAMP, WILSON KING, WILLIAM KELLY, WILLIAM TRUESDAIL, AND WILLIAM GALLAGHER, Appellants.

1. *Practice — Pleading — Causes of Action.* — Where no legal cause of action against the defendants is set forth in the petition, the judgment will be arrested.

2. *Practice—Pleading—Surplusage.*—Damages naturally follow the breach of a contract, and the setting forth of the specifications of the evidence is faulty and vicious pleading. A petition to recover damages for breaches of a contract, should set out the contract, and then assign the breaches thereof.

*Appeal from St. Louis Court of Common Pleas.*

The amended petition was as follows:

"Plaintiffs state that they as partners, doing business under the name and style of Langford, Stephenson & Co., entered into a contract or articles of agreement, in writing, with the above named defendants, doing business under the name and style of Sanger, Camp & Co., on the sixth day of February, eighteen hundred and fifty-five, for the framing and erection of fifteen bridges upon the Illinois division of the Ohio and Mississippi railroad, as follows: that is to say, on section 84, Nicholson creek, one bridge, 40 feet span and 90 degrees angle; on section 87, Brush creek, two bridges, each 60 feet span and 90 degrees angle; on section 89, Bear creek, one bridge, 40 feet span and 90 deg. angle; on section 94, Sennway creek, one bridge, 30 feet span and 90 degrees angle; on section 96, Sennway creek, one bridge, 30 feet span and 90 degrees angle; on section 101, Shephard river, one bridge, 40 feet span and $68\frac{1}{2}$ degrees angle; on section 106, branch of Muddy, one bridge, 40 feet span and 90 degrees angle; on section 109, Lambert's branch, one bridge, 30 feet span and 56 degrees angle; on section 111, Gardner river, one bridge, 40 feet span and 90 degrees angle; on section 113, Sandy branch, one bridge, 40 feet span and 90 degrees angle; on section 122, Bompas creek, one bridge, 60 feet span and 90 degrees angle; on section 126, branch of Mud creek, one bridge, 40 feet span and 90 degrees angle; on section 129, Mud creek, one bridge, 60 feet span and 90 degrees angle; and on section 135, Indian creek, one bridge, 60 feet span and 90 degrees angle. That by the terms of the said contract the said defendants, as such company, bound themselves to deliver the materials for the erection of said bridges at the end of the track of said railroad for such a number of said bridges as might be most convenient for them, the defendants, or at the bridge sites, and also to pay the plaintiffs the cost of all necessary transportation of materials for the erection of said bridges, and also to pay the plaintiffs the

sum of six dollars per lineal foot (lineal measure) for the framing and erection of the said bridges, within twenty days after the monthly estimates should be rendered by the engineer in charge of the said railroad, first reserving ten per cent. of each estimate made as aforesaid, as security for the completion of the plaintiffs' part of the said contract; —that the plaintiffs bound themselves by the said contract to frame and erect the said bridges according to the plans and specifications to be furnished by the division engineer of said road, for the price aforesaid; and to take the materials for said bridges at the end of the track of said road, and to transport the same to the sites of the said bridges for the actual cost of the transportation, for so much of the materials for the erection of the said bridges as might not be otherwise delivered; and to erect the said bridges in advance of the laying of the tract of the said road, so that the same should not be delayed by the non-erection of the said bridges.

"Plaintiffs further state that in pursuance of their part of the said contract they actually framed and erected the said bridges according to the plans and specifications furnished them by the engineer in charge of the said division of the said railroad, and that the framing and erection of the said bridges at the prices agreed upon by the plaintiffs and defendants, as expressed in said contract, amounted in the aggregate to the sum of four thousand two hundred and ninety dollars ($4,290), the said plaintiffs having framed and erected seven hundred and fifteen lineal feet of said bridges, as will appear by reference to the final estimate of the said works done by the plaintiffs in and about the framing and erection of the said bridges made by the engineer in charge of the said division of the said road, a copy of which estimate is filed and marked with the letter 'A.' The contract or article of agreement above referred to is herewith filed and prayed to be taken as a part of this petition, and marked with the letter 'B.'

"And the plaintiffs further state that they were delayed in the prosecution and completion of the said contract for

the framing and erection of the said bridges by the failure of the defendants to furnish the materials for the same as they were bound by their part of the said contract to do;. and that in consequence and by reason of said delay the plaintiffs were compelled and actually did pay, lay out and expend the sum of five hundred and fifty-four dollars and fifty cents to hands employed by the plaintiffs in the prosecution of said work, including twelve dollars and fifty cents paid by the plaintiffs for the board of said hands while so delayed with said work, upon which said sum of five hundred and fifty-four dollars and fifty cents the defendants are justly entitled to a credit of eighty-four dollars and three cents, leaving a balance of five hundred and seventy dollars and forty-seven cents due to the plaintiffs for the damages sustained by the plaintiffs by reason of the delay occasioned as aforesaid, the particulars of which will appear in an account thereof herewith filed, for which sum of four hundred and seventy dollars and forty-seven cents the plaintiffs ask judgment.

"And the plaintiffs further state that by reason of the delay in the prosecution of said work caused by the defendants failing to furnish the materials for the same, as they were bound by their part of said contract to do as aforesaid, the plaintiffs were further damaged in the penal sum of eighty-four dollars, accruing to the plaintiffs for and on account of the time lost by Henry Grimm, one of said plaintiffs, who had the actual management and overseeing of the hands while employed in the framing and erection of said bridges, for which sum of eighty-four dollars the plaintiffs also ask judgment.

"And the plaintiffs further state that the defendants owe them eighty-seven dollars and seventy-five cents for money paid by plaintiffs for the transportation of material used in framing and in the erection of said bridges, which sum of eighty-seven dollars and seventy-five cents was the cost of the necessary transportation of iron material used in the erection of the said bridges, the particulars of all which will ap-

pear in account thereof herewith filed ; for which sum of eighty-seven dollars and seventy-five cents the plaintiffs ask judgment, that being the amount due them by the terms of said contract, the same being the actual cost of transportation of material used in the erection of said bridges.

"The plaintiffs further state that defendants owe them the sum of one dollar for money paid by plaintiffs for defendants, at their request, for welding an iron bolt of the plaintiffs, for which plaintiffs ask judgment.

"Plaintiffs further state that the said defendants actually paid them for and on account of framing and erection of the said bridges the sum of fourteen hundred and thirty-nine dollars and forty cents ($1,439.40) in part payment for the framing and erection of said bridges, leaving the sum of two thousand eight hundred and fifty dollars still due to the plaintiffs for the framing and erection of said bridges, for which sum the plaintiffs ask judgment together with interest.

*Sharp & Broadhead*, for appellants.

*Davis & Evans*, and *Garesché*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The question arising in this case grows wholly out of the defectiveness of the petition. It is inaccurate to speak of the several parts in which the petition is divided as separate and independent counts ; the relief prayed for in each and every one of them flows as damages out of the contract attempted to be pleaded in what is designated as the first count. The counts amount to nothing more than the evidence which the pleader has illogically inserted in the petition, and by which he intended to support his action, and which might be wholly disregarded and treated as surplasage had the written contract been well set out and declared upon.

Damages naturally follow the breach of a contract, and the setting forth of the specifications of the evidence is faulty and vicious pleading.

There is no cause of action charged in the petition, the

averment of performance by the plaintiffs is insufficient, and there is no allegation whatever of a breach by the defendants. Had the contract been properly declared on, and the breaches assigned, all the subsequent parts of the petition might have been rejected, and evidence would still have been admissible to enable the plaintiffs to recover whatever damages they had sustained in consequence of the non-performance by the defendants; but as no legal cause of action is stated, the motion in arrest of judgment should. have· been sustained.

The second instruction given by the court of its own motion is unexceptionable ; the first is subject to some criticism, which can be obviated on a new trial.

The judgment is reversed and the cause remanded, with leave to the plaintiffs to amend their petition. The other judges concur.