HASKELL & Co., Respondents, *vs.* JAMES S. FARRAR, *et al.*, Appellants.

1. *Administration—Bond—Sureties—Additional—Release of former.*—The security contemplated by the 41st section of the Administration Law, is additional to that previously given, and does not have the effect of releasing the former sureties. The 39th section applies to an entirely different case, and does not apply to that contemplated by the 41st section. (State *ex rel.*, Glenn vs. Wright's Adm., 53 Mo., 479, affirmed.)

*Appeal from St. Louis Circuit Court.*

*H. A. Clover and S. Simmons,* for Appellants.

*Krum & Patrick,* for Respondents.

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that Thos. J. Daily was appointed administrator of the estate of James Roddy, deceased, by the Probate Court of St. Louis County, and on the 24th day of December, 1866, he executed his bond in the sum of $100,000, with the defendant, Farrar, as one of his sureties.

At a subsequent term of the Probate Court, the administrator, Daily, was required to give an additional bond in the sum of $50,000, which order he complied with on the 11th day of January, 1867, and the new additional bond was made with other sureties. Both bonds were approved. Afterwards, in due course of administration, the Probate Court made an order for the payment of ninety per cent. of the demands allowed to the creditors. The administrator failed to comply with this order. The plaintiff, whose demand had been allowed, then instituted this proceeding by motion, to obtain judgment against the administrator and his sureties on the original bond, and judgment was rendered against them, upon which an execution was awarded. An appeal was taken to the Circuit Court, where the judgment of the Probate court was affirmed, and the defendant has now brought the case here.

The only question in the case is, whether the taking of the additional bond had the effect of releasing the sureties on the original bond. The statute in regard to executors and administrators, (Wagn. Stat., p. 75, 76) makes different pro-

visions in regard to requiring new bonds to be given, and
they are dissimilar in their effect and operation. By the 36th
section, any heir, legatee, creditor or other person interested
in any estate, may file an affidavit, stating that he has reason
to believe that the surety in the bond is insolvent, or that
the principal is insolvent or is wasting the estate, and it is
then made the duty of the court, on notice given, to examine
the complaint. The 37th section provides that the same pro-
ceedings may be had on behalf of a surety in the bond, upon
showing that his co-surety has or is likely to become insol-
vent, or that the principal has or is likely to become insolvent,
or is wasting the estate. Section 38 declares, that if the court
shall find the complaint mentioned in either of the preceding
sections, to be just, it shall order another bond and sufficient
security to be given. The 39th section then declares the ef-
fect of such additional bond, and says, that when it is given
and approved, it shall discharge the former sureties from any
liability arising from any misconduct of the principal, after fil-
ing the same, and such former sureties shall only be liable for
such misconduct as happened prior to the giving of such new
bond. If the new bond is not given within ten days after the
making of the order for that purpose, then by section 40, the
letters of administration from thenceforth shall be deemed re-
voked. But by the 41st section, it is provided that it shall be
the duty of the court, whenever it shall appear necessary and
proper, to order an executor or administrator to give other and
further security, first giving such executor or administrator at
least five days' notice of such intended order.

It will be observed that all the sections preceding sec-
tion 40, apply to cases where either the co-surety or some
person interested in the estate, institutes a proceeding on the
ground that the sureties or the principal have, or are likely
to, become insolvent, or that the assets of the estate are being
wasted or mismanaged. The 41st section, however, proceeds
upon an entirely different reason. There it is left to the discre-
tion of the court, upon its own motion, to order an executor or
administrator to give other and further security, when it

shall appear necessary and proper. The provision of section 39, by which the former sureties are released after the bond is filed, has no application. When the court acts of its own motion, it is not because the estate is being wasted, or any of the former bondsmen are insolvent, but it is because the bond is deemed to be an inadequate security, and therefore, other and further security becomes necessary. The last bond does not supersede the former, but is cumulative and additional to it. This question was carefully examined in the case of State, *ex rel.*, Glenn vs. Wright's Adm'r, *et al.*, (53 Mo., 474) and the above conclusion arrived at. It must now be considered settled, and no longer open to discussion. (See also, State to use, etc. vs. Drury, 36 Mo., 281.) As the court, in this case, acted upon its own motion, the sureties in both bonds are liable for the default of the administrator. Whatever their respective rights may be, as regards contribution between themselves, is a matter not necessary to be now considered.

The judgment should be affirmed; the other judges concur.