THE STATE *ex rel.* RIGGS, *Appellant*, v. COLMAN.

**Curator**: LIABILITY OF HIS SURETIES. The sureties in a bond given by a curator, in pursuance of sections 34 and 35 of the Guardians Act, upon a sale of the ward's land for purposes of re-investment, (Wag. Stat., p. 677,) cannot escape liability by showing that the curator has charged himself, on a settlement in the probate court, with the proceeds of the sale, and that at the time of settlement he had such proceeds in his possession. The bond is intended as an additional security for the safe keeping and proper disbursement of the money; and the sureties are liable for any conversion by the curator, whenever it may occur.

*Appeal from Ray Circuit Court.* — HON. GEO. W. DUNN, Judge.

REVERSED.

*D. P. Whitmer* for appellant.

*Jas. W. Black* and *Joseph E. Black* for respondents.

HOUGH, J.—The statute provides that the circuit court may, on the application of the guardian or curator, and after proof showing that it will be for the benefit of the ward, order the real estate of such ward to be sold or leased, and the proceeds put on interest, or invested in productive stocks, or in other real estate, first requiring such guardian or curator to enter into good and sufficient bonds to make such leases and conduct such sales with fidelity to the interests of his ward, and faithfully to account for the pro-

ceeds of such sales and leases according to law, and as the order of the court may require. Wag. Stat., 677, § 34, 35. The question presented by the record in this case is, whether the sureties on a bond given under the statute above cited are discharged from further liability, when the curator in his settlement with the probate court charges himself with the proceeds of a sale of land made by him under the order of the circuit court, and has said proceeds in his possession at the time of such settlement, or whether they are liable for a subsequent conversion, by the curator, of such proceeds. It can hardly be maintained that an administrator or guardian has faithfully accounted for money received by him as such, within the meaning of a statute or bond requiring him faithfully to account therefor, when he simply charges himself therewith before the proper officer, and at the time has the same in his possession. In order to faithfully account for such money he must not only charge himself with it, but he must safely keep and disburse the same according to law. The object of the statute above cited was to provide additional security for the safe keeping and proper disbursement of such personal property as should come to the hands of the curator through the action of the circuit court, as well as for the fidelity of such curator in the execution of the orders of said court. The sureties on the bond given under the law would, of course, be liable only for the conduct of the curator and for the faithful disbursement of the funds received by him under the orders of the circuit court, and not for the funds received by him under the general law governing the duties of curators acting solely under the orders of the probate court. Of course, the funds received by the curator through the orders of the circuit court should be carried by him into his settlements with the probate court, and when necessary, that court should require a separate account of such funds and the disbursement thereof, to be rendered by the curator, for the purpose of making the bond given

under the orders of the circuit court an effective security. The judgment will be reversed and the cause remanded. All concur.