THE STATE *ex rel.* McKOWN v. WILLIAMS *et al., Appellants.*

1. **Pleading :** PETITION, SUFFICIENCY AFTER VERDICT. If the facts requisite to constitute a cause of action are necessarily inferable from the petition taken in its entirety, though informal in its parts, it is good after verdict.

2. ———— : ESTOPPEL : RECITAL IN BOND. A recital in a bond is a solemn admission by the obligor of the truth of the fact recited, and when, in an action against him, the bond is pleaded *in haec verba*, the effect is the same as if there was a formal plea of estoppel.

3. ———— : ANSWER, NEW MATTER. An answer averring conclusions of law from facts already stated in the petition, does not set up new matter, and does not require a reply.

4. ———— : ———— : WAIVER. Although the answer sets up new matter and the plaintiff fails to reply, yet if the case is tried as if the new matter was in issue, this court will treat it as if a reply had been filed.

5. **Guardian's Bond :** LAW OF SISTER STATE. A bond given in a probate court of this State, in conformity with a law of another state, by a guardian in this State of a ward resident here, in order to obtain possession of property of his ward located in the other state, is a valid bond, and an action may be maintained on it for property received in virtue of it.

6. ———— : ————. The validity of such a bond is not affected by the fact that it contains a condition not required by the law of this State.

7. ———— : ————. Such a bond is not essentially collateral or auxiliary to the ordinary guardian's bond ; the ward may resort to either, certainly to the former when the makers of the latter are insolvent so that resort thereto would be unavailing.

8. ———— : MEANING OF "ACCOUNT FOR." A condition in such a bond to "account for" the money received in the other state is not satisfied by the guardian charging himself therewith in his settlements, nor by anything short of payment.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*F. P. Wright* and *Wm. C. Price* for appellants.

*Boyd & Vaughan* and *Chas. A. Winslow* for respondents.

PHILIPS, C.—One S. H. Hall died, leaving an estate in money in the hands of the clerk and master of the chancery court of Giles county, state of Tennessee. His children and heirs lived in Christian county, Missouri. L. C. Hall is one of the heirs, now intermarried with A. H. Mc-Kown. This suit is brought to her use. R. H. Williams, appellant, was appointed guardian of these children by the proper court of Christian county, and gave the requisite bond. This guardian desiring to obtain possession of said money in Tennessee, it was necessary for him, to accomplish the transfer of the funds, to comply with the requirements of the statute of Tennessee in such case provided. The laws of Tennessee provide that when a minor and his guardian reside in another state, his property may be removed to the state of his residence, and, if it is in the custody of the court, or its officer, the application for its removal shall be made to the court. In doing so, the guardian must exhibit to the court a transcript of the record of his appointment, embracing his bond, conditioned as by the laws of the state is prescribed in regard to the duties of the guardian there, and also conditioned to account for and pay over to the minor, according to the law of his domicile, the money received in Tennessee,    *    * and if the court approves the record and certificates, and is satisfied, from proof, that it is the interest of the minor that the money should be removed to the place of his residence, the court    *    *  shall direct the money to

be paid to said guardian. Stat. Tenn., vol. 2, § 2539 to 2543.

Accordingly on the 1st day of March, 1869, he, as principal, and the other appellants as sureties, executed to the State of Missouri their bond in the penal sum of $8,000 to meet the requirements of this Tennessee statute. This bond recited the facts of this money being in said clerk's hands, and that said guardian was about to make application therefor, and contained the following condition:

"The condition of the above obligation is, that whereas the above Robt. H. Williams is the lawful guardian of M. Catharine Hall, Louisa C. Hall and Samuel H. Hall, who are minors under the age of twenty-one years, and whereas the said minors reside in the said county of Christian, State of Missouri, and have coming to them as heirs at law and distributees of Samuel H. Hall, Sr., deceased, late of the county of Giles, and state of Tennessee, an interest in his estate consisting of about $4,000, which is in the hands of the clerk and master of the chancery court of the said county of Giles; and whereas the said Robert H. Williams, as guardian aforesaid, is about to make application to the proper authorities in the state of Tennessee for said ward's interest in said estate, or such sums of money as may be due, to be paid over to him as guardian as aforesaid, in this state; Now, therefore, if the said Robt. H. Williams, as such guardian of M. Catharine Hall, Samuel H. Hall and Louisa C. Hall, shall well and truly account for and pay over such estate or sums of money as shall be received by him in the state of Tennessee to said M. Catharine Hall, Louisa C. Hall and Samuel H. Hall, their heirs or legal representatives, or such other person as may be authorized and entitled to receive the same in the State of Missouri, or by the laws of the State of Missouri have been or shall be prescribed in relation to the duties of guardian therein, then this obligation to be void, but otherwise to remain in full force and effect."

30—77

This bond was approved by the Christian county court having jurisdiction of the guardianship.

On the presentation of this bond and his application to the Tennessee court, Williams received $900 of said money, one-third of which belonged to his ward, the respondent. The guardian charged himself with said money, and showed the same to be on hand in his annual settlements up to 1877. Failing to pay over this money to his ward on the attainment of her majority, this suit is instituted on said bond to recover the same.

The petition alleged the making of this bond, and filed a copy therewith. It then set out *in haec verba* the conditions of the bond. It averred that said bond was given in conformity to the provisions of said Tennessee statute, and in order to have said money transferred to this State. It averred the marriage of said ward to McKown in 1878, and her majority. It averred as breach of said bond the fact of the receipt of said money by Williams and his failure, neglect and refusal to account for said money to the said relators, or either of them, or to any one authorized to receive it for them.

The two sureties answered, tendering the general issue. They further alleged .that the bond was not a guardian or other official bond; that it was without consideration or inducement, and that it was merely a collateral bond, etc.; that no money was received by their principal properly chargeable on said bond, but was chargeable on his guardian's bond. Williams answered separately, simply alleging that all the money he received, he accounted for in his settlements as said guardian.

The trial was had before the court without a jury. Plaintiff read in evidence said bond, the records of the Christian county court, the proceedings in the Tennessee court, showing the presentation of said bond to that court and the order thereupon turning over the money to Williams, and made proof of his failure to pay over the money, and the insolvency of Williams and the sureties on his

first bond as guardian. On this state of facts, if found, the court declared in substance the law to be that plaintiff could recover, and refused the converse of the proposition asked by defendants. It found the issues for plaintiff and rendered judgment accordingly. Defendants bring the case here on appeal, after an ineffectual effort for a new trial and motion in arrest.

The claim that the petition does not state a cause of action, is not tenable. It is unlike the declaration in *Moore*

1. PLEADING: petition, sufficiency after verdict. *v. Platte Co.*, 8 Mo. 467, which did not aver that the defendant executed the bond to anybody. Here the petition distinctly avers that defendants "made and entered into a bond payable to the State of Missouri in the penal sum of $8,000." The "legal effect" of this bond is fully set forth in its conditions, which are set out *in haec verba* in the petition, and this, we think, rendered unnecessary any matter of inducement in the preceding part of the declaration. The very objection lodged against the count in *Woods v. Rainey*, 15 Mo. 484, cited by appellant, was that "the conditions were not stated in the petition." So in *Langford v. Sanger*, 40 Mo. 160, the petition did not sufficiently aver "performance by the plaintiffs, and there was no allegation whatever of a breach by defendants." Here it is distinctly averred that defendant Williams, under said bond, obtained possession of the money, and the breaches are well assigned. The petition might have been more specific. But under the code there is an important distinction between the failure to state any cause of action at all, and defectively stating one. The former is bad even after verdict, but in the latter case if the defendant goes to trial on the petition, it is good after verdict. And if the facts requisite to constitute a cause of action are necessarily inferable from the pleading taken in its entirety, though informal in its parts, it is good after verdict. *Edmonson v. Phillips*, 73 Mo. 57; *Hirt v. Hahn*, 61 Mo. 496; *State to use of Ladd v. Clark*, 42 Mo. 519; *Corpenny v. City of Sedalia*, 57 Mo. 88; *Schultz v. Merc. Ins.*

*Co.*, 57 Mo. 331 ; 2 Wag. Stat., p. 1036, § 19, clauses 8 and 9.

Nor is the objection well taken, that it does not appear that Williams was ever appointed guardian, etc., or that 2. ——: estoppel, any money, etc., ever came into his hands by recital in bond. virtue or in consequence of said bond. The consideration of the bond, which is set out in the petition, recites " that whereas the above Robt. H. Williams is the lawful guardian," etc. This recital is a solemn admission by the defendants of Williams' guardianship, and its incorporation into the petition is the same as if it had been pleaded as an estoppel. The petition in assigning the breach of this bond avers " that said Williams, as such guardian, about the year 1870, received of said estate, in sums of money due the said Louisa McKown, in the state of Tennessee, by virtue of said bond, the sum of $600 ;" and then in express terms, avers his failure, neglect and refusal to account for the same.

It is also insisted by counsel for the appellants, that there was no reply to the new matter set up in the joint 3. ——. answer, answer of the defendants, Collins and Chap- new matter. man, and the same stands as admitted. There is nothing pleaded in what is claimed as new matter, which could not have been shown under the general denial in the preceding part of the answer. *Wheeler v. Billings*, 38 N. Y. 263 ; *Greenfield v. Mass. M. L. Ins. Co.*, 47 N. Y. 430 ; Bliss Code Plead., §§ 328, 333. There is no inconsistency between a right of recovery on the facts alleged in the petition and those specially pleaded in the answer. "A statement of facts, by way of defense, which are merely inconsistent with those stated by the plaintiff, is in effect a denial. It is not new matter ; it admits nothing ; it simply contradicts." This is obnoxious as argumentative pleading. Bliss Code Plead., § 333. In short, this so-called new matter sets up mere conclusions of law, deduced from facts already included in the petition ; and when the new facts are admitted, the question recurs, do they disprove

the plaintiff's claim or subvert his right? If they do not, the new facts thus admitted by a failure to deny are nothing.

Even had they possessed any merit, the parties having gone to trial and tried the whole case through, as if all the matters mutually averred were at issue, and no questions as to admissions of pleadings having been raised below, the case will be treated here as if the new matter had been timely and properly denied. *Howell v. Reynolds Co.*, 51 Mo. 154; *Simmons v. Carrier*, 68 Mo. 421.

4. ———; ———; waiver.

This brings us to the consideration of the only remaining question of importance raised by this record: Can the plaintiffs maintain the action on the bond? It was certainly founded on a good and meritorious consideration. The principal in the bond, as guardian of the ward, was entitled under certain considerations to concentrate the ward's estate in the jurisdiction of her domicile. The estate being, however, rightfully in the state of Tennessee, was subject to its chancery jurisdiction and statutory regulation, with the power and even the duty to impose terms and conditions upon its removal to a foreign jurisdiction. The law and the courts, its minister, stand *in loco parentis* in respect of the care and protection of orphans' estates. So the legislature of Tennessee had, rightfully and wisely, as a measure of protection and an additional safeguard to such funds, provided, in the statute referred to, that before any non-resident guardian could. remove the estate into another jurisdiction, he should present to the court his bond, conditioned not only as required by the laws of the guardian's domicile, but containing also the additional condition " to account for and pay over to the minor according to the law of his domicile, the money received in Tennessee." The requirement by the Tennessee law of such a bond, and obtaining the money under it, constituted a good and valuable consideration to support the undertaking, and an action for its breach. Even a volun-

5. GUARDIAN'S BOND: law of sister state.

tary bond, if it does not contravene any public policy or violate any statute, is binding on the makers. And a bond given for the performance of a trust reposed, private or public, is valid. *Merrick v. Trustees of Bank, etc.*, 8 Gill (Md.) 61; *Hammond v. Henssey*, 51 N. H. 40; *Cook v. Bradley*, 7 Conn. 57; *Gathwright v. Callaway Co.*, 10 Mo. 663; *Barnes v. Webster*, 16 Mo. 258; *Henoch v. Chaney*, 61 Mo. 129, 132. Such a bond as this, given for a lawful purpose, even though not in form, is obligatory. *U. S. v. Bradley*, 10 Pet. 343.

The Tennessee statute apparently contemplated that the bond to be presented to the court there, should be the one given here, and that the conditions specified would be in one bond. But the form of the guardian's bond prescribed by the Missouri statute was not broad enough to meet that of the Tennessee statute; and in fact the bond for the purpose of securing the transfer, coming into existence after and upon the giving of the ordinary guardian's bond, this would not contain the additional recitation required by the foreign statute. The fact, therefore, that the bond in question was a separate bond was a necessity; and because it contained more or fewer recitals than, or differed in mere form from that indicated by the latter statute, would in no manner impair its validity. The authorities in support of this proposition are uniform. *U. S. v. Bradley, supra; Ring v. Gibbs*, 26 Wend. 510. "Although the condition of a bond may not embrace everything required by the act of assembly to be stipulated, nevertheless, a judgment may be rendered on it to the extent of the condition, or commensurate with the undertaking of the party." *Triplet v. Gray*, 7 Yerg. 17; *Nunn v. Goodlett*, 5 Eng. (Ark.) 89; *Pratt v. Wright*, 13 Gratt. (Va.) 175; *Flint v. Young*, 70 Mo. 221, 225, 226.

This bond is not essentially collateral or auxiliary to the first guardian's bond. *Haskell v. Farrar*, 56 Mo. 497; *State ex rel. Riggs v. Colman*, 73 Mo. 684; *State ex rel. v. Steele*, 21 Ind. 207. It was optional with

the relators to which security they would resort. *Wood v. Williams*, 61 Mo. 63. There can be but one satisfaction, but the ward may pursue all his remedies until fully paid. *State to use, etc., v. Drury*, 36 Mo. 281. Superadded to this is the conceded fact that all the parties to the original guardian's bond are insolvent, so that a resort to that bond in the first instance would have been unavailing.

The learned counsel for appellants suggest that when the guardian charged himself with the wards' money ob

8. ——: meaning of "account for." tained in Tennessee, in his annual settlements, that was a compliance with the conditions of the bond; the breach assigned in the petition being a failure, etc., "to account for" this money. This is not all that is embraced in this term "account for." It is a condition not satisfied short of paying over the trust fund to the *cestui que trust*. *State ex rel. v. Colman, supra; State ex rel. v. Steele, supra.* The sureties in this bond by signing it enabled their principal to get these children's patrimony out of the orphans' court in Tennessee, where it was secure, and they should in law and morals make good their pledge.

The judgment of the circuit court was right, and the same is affirmed. MARTIN, C., concurs; WINSLOW, C., not sitting, having been of counsel.