GRAVETTE v. WILLIAMS.

Opinion delivered October 24, 1927.

1. STATUTES—CONSTRUCTION OF STATUTES ON SAME SUBJECT.—All statutes relating to the same subject must be construed together in arriving at the legislative intent.

2. GUARDIAN AND WARD—LIABILITY FOR PROCEEDS UNACCOUNTED FOR.— It is immaterial when an interest-bearing note for land sold by a guardian was collected on the question of surety's liability upon the sale bond, since, if collected after maturity and not re-loaned, the guardian would be required, by § 5060, Crawford & Moses' Dig., to pay interest.

3. GUARDIAN AND WARD—LIABILITY ON SALE BOND.—The surety sued on a sale bond given by a guardian under Crawford & Moses' Dig., § 5046, cannot complain of failure to sue sureties on sale bond and general bond, given under § 5013, where the sureties on the general bond had paid all but a small part of amount of sale bond, in satisfaction of judgment recovered in a suit on a general bond only.

4. GUARDIAN AND WARD—ACCOUNTING OF PURCHASE-MONEY NOTE.—To account for the amount of purchase-money note paid to a guardian, as required by a sale bond given under Crawford & Moses' Dig., § 5046, the guardian must not only charge himself therewith, but must safely keep and disburse it according to law; the object of the statute being to provide additional security for safe-keeping and proper disbursement of the proceeds of sale.

5. GUARDIAN AND WARD—LIABILITY OF SURETY ON SALE BOND.—The fact that a portion of the proceeds of the guardian's sale of land was collected from the sureties on the guardian's general bond, given pursuant to Crawford & Moses' Dig., § 5013, does not release the surety on the special sale bond, given under § 5046, from liability for proceeds unaccounted for.

Appeal from Mississippi Circuit Court, Chickasawba District; *G. E. Keck,* Judge; affirmed.

*E. E. Alexander* and *T. J. Crowder,* for appellant.

*Hamilton E. Little* and *Holmes, Canale, Loch & Glanker,* for appellee.

MEHAFFY, J.   B. H. Williams and L. M. Moody, administrator of the estate of John B. Williams and Joe Williams, deceased, filed suit in the Mississippi Circuit Court against the appellant, W. D. Gravette, alleging that H. M. Haynes, as guardian of the person and estate of B. H. Williams, John Williams and Joe Wil-

liams, minors, obtained an order of the probate court of Mississippi County to sell certain lands, and that said Haynes, as guardian, was ordered by the probate court to make the sale and to execute a bond in the sum of $1,000 conditioned that he would truly account for the proceeds of the sale according to law and as the order might require. That he executed this bond, and W. D. Gravette was one of the sureties on said bond. That the sale was made of said land for the sum of $760, after same had been appraised, and that a deed was made and the purchasers executed a note and mortgage to the guardian, the note being payable twelve months after date and bearing 8 per cent. interest. That the accounts of the guardian were settled by the probate court of Mississippi County, showing a balance owing to said minors of $1,228.02. The sureties on the guardian's general bond had paid all but $228.02. J. B. Williams and Joe Williams had died, and Moody was their qualified and acting administrator, and B. H. Williams has attained his majority.

There was a prayer for judgment for $228.02, with interest and cost.

The answer denied all the material allegations of the complaint, and alleged that plaintiffs had filed suit against A. M. Butt and Josie Sudberry, executrix of the estate of J. G. Sudberry, alleging that they were sureties on the bond of Haynes as guardian, and that plaintiffs had procured a judgment against them for $1000. Defendant denied that he was indebted to plaintiff in any sum.

It was agreed that the question should be submitted to the court sitting as a jury, and should be heard upon the pleadings and evidence introduced. Letters of guardianship issued to H. M. Haynes in 1910 and the guardian's bond executed by Haynes with Sudberry and Butt as sureties were introduced. Also order of the probate court for the sale of certain lands and order directing the guardian to give a special bond of $1,000, and there was also introduced the bond for $1,000 signed by the

guardian and D. W. Hicks and W. D. Gravette, the appellant. There was also a report of sale showing that the property was sold for $760, which was more than three-fourths of its appraised value. There was introduced also the order of the probate court approving the sale and a guardian's deed to the purchasers of the land, and deed of trust from the purchasers to secure the payment of the purchase money. Also the petition of B. H. Williams and the order of court finding that Haynes was indebted in the sum of $1,228.02 as guardian.

The complaint of plaintiffs in the chancery court in Mississippi County against the sureties on both the general and special bond was introduced. Also the amended complaint, which was against the sureties of the general bond only. Also answer to the amended complaint, decree of chancery court against the sureties on the guardian's general bond, and the deposition of Mr. Ramsey Duncan, who testified, in substance, that he was trustee in the deed of trust, and that the note which was given for the purchase of the land sold by the guardian was exhibited to him as paid, and he satisfied the record.

After hearing the evidence above mentioned, the court made the following finding of fact:

"In this case the court doth find the facts to be: 1. That on January 23, 1911, W. D. Gravette, as surety for H. M. Haynes, the guardian of Bolden (B. H.) Williams, John B. Williams, and Joe Williams, minors, executed the bond mentioned in and exhibited with the complaint.

"2. That, on December 3, 1910, the said H. M. Haynes, guardian as aforesaid, did, in pursuance to the orders of the probate court for the Chickasawba District of Mississippi County, Arkansas, sell to A. T. Cloar and R. T. Lipscomb, upon a credit of twelve months, for the sum of $760, together with interest at the rate of 8 per cent. per annum, the following described real estate belonging to his minor wards, to-wit: northwest quarter of the southwest quarter of section 28, township 15 north, range 10 east, Mississippi County, Arkansas; and that said sale was had under and in pursuance to §§ 5044 to

5046, both inclusive, of Crawford & Moses' Digest for the purpose of reinvestment.

"3.   That the proceeds of the sale of the aforesaid land belonging to said minors, to-wit, the sum of $820.80, were duly received by the said H. M. Haynes, guardian as aforesaid, on December 3, 1911; that the accounts of the said guardian were duly settled by the probate court for the Chickasawba District of Mississippi County, Arkansas, on November 29, 1924, and that out of the proceeds of the aforesaid sale there now remains a balance of $228.02, together with interest from November 29, 1924, at the rate of six per cent. per annum, justly owing by the said H. M. Haynes, guardian as aforesaid, to his said wards.

"4.   That the condition of said bond has been broken, and that the plaintiffs in this case are entitled to judgment against the defendant, W. D. Gravette, as surety on said bond, in the sum of $228.02, together with interest from November 29, 1924, at the rate of six per cent. per annum, making a total of $250.17 now due and owing."

Judgment was given against the appellant for $250.17.   A motion for a new trial was filed, overruled, and appeal taken to this court.

The appellant states that this suit involves the construction of §§ 5044 and 5046 of Crawford & Moses' Digest.   Said sections read as follows:

"Section 5044.   When it shall appear that it would be for the benefit of a ward that his real estate, or any part thereof, be sold or leased and the proceeds put on interest, or invested in productive stocks, or in other real estate, his guardian or curator may sell or lease the same accordingly upon obtaining an order for such sale or lease from the court of probate of the county in which such real estate or the greater part thereof shall be situate."

"Section 5046.   If, after a full examination, on the oath of credible and disinterested witnesses, it appears to the court that it would be for the benefit of the ward

that the real estate, or any part of it, should be sold or leased, the court may make an appropriate order for such sale or lease, under such regulations and conditions, subject to the provisions of this chapter in relation to the sale of real estate of minors, as the court shall consider suited to the case, first requiring the guardian or curator to enter into good and sufficient bond to make such leases and conduct such sale with fidelity to the interest of his ward and faithfully to account for the proceeds of such sale and lease according to law and as the order of the court may require.''

The appellant then contends that § 5046, above quoted, does not contemplate that the guardian shall continue to loan the money derived from the sale of lands.

It is unnecessary to decide in this case whether that is a proper construction of § 5046 or not, because there is no evidence in the record that he did continue to loan the money derived from the sale of lands. The evidence conclusively shows that he collected the money, charged himself with it, but never did pay it over or account for it.

We agree with the appellant that it is the settled law in this State that all statutes relating to the same subject shall be construed together in arriving at the legislative intent. The statute provides for the probate court to appoint guardians and curators, and § 5013 of Crawford & Moses' Digest provides that guardians and curators appointed by the court shall, before entering on the duties of their offices, give bond with security to be approved by the court, before they shall be appointed, to the State of Arkansas, for the use of the minors, respectively, in double the value of the estate or interest to be committed to their care, conditioned for the faithful discharge of their duties according to law. That is the condition of the guardian's general bond. The bond given in this case is under § 5046, and provides that the court shall require the guardian or curator to enter into a good and sufficient bond, not only that he will conduct such sales with fidelity to the interest of his ward, but that he will faithfully account for the proceeds of such

sales according to law and as the order of the court may require. It is also provided in § 5060 of Crawford & Moses' Digest that, if any guardian fail to loan the money of his ward on hand, he shall be accountable for the interest thereon.

Considering all these statutes together, as suggested by the appellant, it appears that the guardian, when appointed, is required to give a general bond for the faithful discharge of his duties, that in sales of land, as in this case, he is required to give an additional bond, not only for good faith in making the sale, but to account for the proceeds of such sale, and, if he does not lend the money under the order of the court (and it does not appear in this case that he did), or if he should lend the money without an order of the court to do so and without the approval of the court as to his sureties, then in either event he would himself be liable for the interest.

The probate court made the order to sell the land, it was sold on a credit of twelve months, and a deed was executed by the guardian and approved by the court and a deed of trust executed by the purchasers to secure the payment of the purchase money, $760, and this action was approved by the court. This note was then collected by the guardian, and it does not appear that he ever accounted for it.

It is true, as argued by appellant, that the only assets ever coming into the hands of the guardian, so far as the records show, were the proceeds of the sale of the land. It is also true that this sale was made in conformity with the orders of the court, and, so far as the record shows, was free from fraud or bad faith in any way. Some of his actions seem to have been reported to the court, but we think the appellant is in error when he says he accounted to the court for the proceeds. It is true he took a note and deed of trust to secure the payment of the note, as ordered by the court, but he collected this note and did not account for the money collected. It is true that it is not shown by the record when it was collected, but we think that immaterial, because the note itself was

an interest-bearing note, and, if he collected it after maturity, he would necessarily collect the interest on it, and then he would be required to pay interest if he did not lend it again from that time on. These bonds were given for this purpose.

It is unnecessary to decide whether a suit could have been maintained against the sureties on both bonds and $1,000 only recovered, because, if that had been done, the appellant would have had to pay more than he is now called upon to pay, and he cannot complain because the procedure was such that his obligation was less than it would have been if plaintiff had proceeded as suggested by appellant.

In a Missouri case it was said by the court:

"It can hardly be maintained that an administrator or guardian has faithfully accounted for money received by him as such, within the meaning of the statute or bond requiring him to fully account therefor, when he simply charges himself therewith before the proper officer, and, at the time, has the same in his possession." *State* v. *Coleman,* 73 Mo. 684.

In this case it is not disputed that the purchase money note was paid to the guardian, but that he simply charged himself with it before the proper officer, the probate court, and, as said in the case last mentioned, in order to faithfully account for such money, he must not only charge himself with it, but he must safely keep and disburse the same according to law. The object of the statute was to provide additional security for the safe-keeping and proper disbursement of the proceeds of the sale of the land. That was the purpose of requiring the bond. Not simply that the sale should be fairly made and that the guardian should report it, but that he should pay it over to the persons entitled to it. That is what is meant by accounting for it.

There are numerous authorities cited in appellee's brief, but it is unnecessary to repeat them here. The bond, as we have said, was given for the specific purpose of requiring a proper sale and accounting for the pro-

ceeds of the sale of this particular land, and the fact that a portion of the proceeds had been collected from the sureties of the general bond does not release the surety on this special sale bond. In fact, the appellant was liable on his bond for $1,000, for there was that amount of the proceeds unaccounted for.

There is no dispute about the facts, and, while the appellant says that the court erred in its finding of facts and declarations of law, yet he does not point out in what respect it erred in either, except in the matters we have above discussed. We find no error in the findings of fact or law, and the judgment of the circuit court is affirmed.