J. C. SMITH & WALLACE COMPANY, DEFENDANT IN ERROR, v. PRUSSIAN NATIONAL INSURANCE COMPANY, PLAINTIFF IN ERROR.

Argued December 5, 1902—Decided March 2, 1903.

An insurance company, by its agent, issued and delivered to the insured a binder or binding slip whereby it assumed and bound $2,000 of insurance upon certain property of the insured, the binding slip to be void on delivery of the policy. When the binder was delivered it was assumed by the insured that the insurer proposed to charge a rate higher than it had charged for the same insurance for the previous year, although no rate was mentioned in the binder, whereupon he requested the agent of the insurer to ascertain if he could not obtain from his principal some concession in the rate; this the agent consented to attempt, but before any attempt was made by the agent the building burned. *Held*—

1. That a complete temporary contract of insurance existed between the insurer and the insured from the time of the delivery of the binder.

2. That the insured having accepted the binder, the promise to pay the premium to be mentioned in the policy was a sufficient consideration for the contract.

3. That the agent of the insurer having failed to fix the rate before the policy was delivered and before the loss occurred, the insured was bound to pay a reasonable rate for the protection which he had received by the temporary contract.

4. Whether one acts as agent for the insurer or the insured is to be determined by the circumstances of the particular case; one cannot be the agent for both parties.

On error to the Supreme Court.

For the plaintiff in error, *James Buchanan* and *W. Benton Crisp* (of the New York bar).

For the defendant in error, *Robert H. McCarter*.

The opinion of the court was delivered by

GARRETSON, J.   The judgment in this case was entered upon a verdict directed by the trial justice at the Circuit, and this writ of error brings up the judgment, and the propriety of this direction is the question in controversy.

The plaintiff had been insured by a policy of the defendant, which was about expiring, and the plaintiff's treasurer had called the attention of the defendant's agent to this fact. On the 17th day of May, the treasurer of the plaintiff received at the hands of William Vanderveer the following paper, called a binder:

"WILLIAM VANDERVEER,

"FIRE, MARINE AND INLAND INSURANCE,

"43 Cedar street,

"NEW YORK, May 16th, 1901.

"Insurance in the amount of $2,000 is wanted for J. C. Smith & Wallace Co., on building Nos. 420–422 Ogden street, Newark, N. J.

"The undersigned companies assume and bind from the 16th day of May, 1901, the insurance applied for above for amounts opposite their respective names.

"This binding slip is void on delivery of the policy.

"Company          Amount          Accepted
"Prussian Nat'l.     $2,000.      . .W. Vanderveer, agt."

With the binder was delivered by Vanderveer this letter:

"WILLIAM VANDERVEER,

"Successor to Hansell & Vanderveer,

"FIRE AND MARINE INSURANCE,

"43 Cedar street,

"NEW YORK, May 17th, 1901.

"*J. C. Smith & Wallace Co., Newark, N. J.:*

"GENTLEMEN—We enclose policy No. 31705 Pennsylvania for $4,000, and binder of Prussian National for $2,000 on building Nos. 420–422 Ogden street in renewal of expirations on 9th and 16th insts.

"Yours very truly,

"WILLIAM VANDERVEER H."

When the treasurer examined the Pennsylvania policy he noticed that the rate mentioned therein was seventy cents instead of fifty cents, the rate in both the previous Pennsylvania and Prussian policies. He then told Vanderveer that

this rate was unsatisfactory, and, if it had to be seventy cents, that he wanted Vanderveer to ascertain if he could not get it written for three years or five years, thereby writing it at a reduction of one-half of one year's rate, or two and a half years' rate for three years. Vanderveer said he would try to do so, and left the Pennsylvania policy and the binder with the treasurer. The rate was left in this situation; no policy was issued in place of the binder. The fire occurred about June 22d, 1901.

A contract of insurance may be by parol. *Audubon* v. *Insurance Co.,* 27 *N. Y.* 216. And a preliminary temporary contract is frequently effected by what are known as binders or binding slips such as were used in this case. *Lipman* v. *Niagara Fire Insurance Co.,* 121 *Id.* 454; *Karelsen* v. *Sun Fire Insurance Co.,* 122 *Id.* 545; *Van Tassel* v. *Greenwich Insurance Co.,* 45 *N. E. Rep.* 365; *Underwood* v. *Greenwich Insurance Co.,* 161 *N. Y.* 413.

To constitute a valid contract there should be parties thereto, a premium, a subject-matter, an insurable interest, certain risks or perils, duration of the risk and the amount insured; but in the temporary oral contracts, or in those evidenced by binders, some of these terms are often omitted, and need not be expressly negotiated upon, since they may be understood as where the terms of the usual policy are presumed to be intended, or where the usual rate of premium is presumed to be meant, or in case of duration of the risk is understood to be the same as in a former policy, or where by custom or usage a certain course of dealing has been established. 1 *Joyce Ins.,* § 46.

When the binder was delivered, the plaintiff, assuming that the rate to be expressed in the policy of the defendant would be seventy cents for one year because that was the rate in the policy of another company delivered at the same time, objected to that rate, and after some conversation the defendant's agent undertook to see if he could not get a modification of the rate, and he at the same time delivered to the plaintiff the binder, and the plaintiff accepted it, and by it the defendant insured the property of the plaintiff upon the terms to be expressed in the policy which was to be delivered,

and upon the delivery of which the binding slip was to be void. The defendant said in effect to the plaintiff: Upon your application we secure your insurance; we make a temporary contract of insurance by which we protect your property until we can agree upon the terms of the policy which shall be a permanent contract expressing all the terms necessary to a complete contract.

The plaintiff by accepting the binder agreed to be bound by all the terms of the policy, including the rate of premium to be paid, and the defendant ought not now be allowed to say we are not bound to keep that contract, because no specific premium was mentioned; the uncertainty as to the rate having remained in abeyance by the action of the defendant.

When the company made this temporary contract, to be terminated when the policy was delivered, the promise to pay the premium upon delivery of the policy was sufficient consideration for the temporary insurance. If, therefore, as in this case, no policy was delivered defining the rate of insurance, the question remains, what was the rate?

The consideration is in the alternative; if the policy is executed, delivered and accepted, the payment of the premium mentioned in it is the consideration, and if it is not, the defendant having insured the plaintiff by the temporary contract, then the law raises a presumption on the part of the insured to pay the company what the protection which he has had under this temporary contract is reasonably worth, and the insurer, by the very terms of the binder, gives credit to the insured until the temporary contract is ended either by the issuance of a policy or otherwise.

It is admitted that Vanderveer was the agent of the company, appointed by a regular commission and authority from them, signed by the manager. As such agent he signed the binding slip in question and did so within the limits of his authority as an agent to countersign and issue policies. His authority to enter into the contract in question for the insurance company will be inferred from his general agency. *Fire Insurance Co.* v. *Building Association,* 14 *Vroom* 652; *Carson* v. *Jersey City Insurance Co., Id.* 300; 16 *Am. & Eng. Encycl. L.* (*2d ed.*) 853.

It is claimed in this case that Vanderveer in making this contract of insurance was acting as agent of both the insurer and the insured, and that therefore the contract is void; but there is no evidence to sustain such a contention. The treasurer of the company, before the contract in question was made, wrote to Vanderveer calling his attention to the fact that the policy of his company, the defendant, was about to expire. Vanderveer brought to Wallace the binding slip offered in evidence, signed by Vanderveer as agent of the Prussian National, the defendant. Wallace questioned the rate which he assumed, and which Vanderveer admitted, would be charged, and endeavored to get a reduction of it from Vanderveer, and, failing in that, desired him to get it from his company. There is nothing in this evidence to show Wallace was dealing with Vanderveer in any other capacity than as agent of the insurance company, and there is nothing in Vanderveer's actions inconsistent with his duties as such agent.

While it has been held that one who acts as a general agent to procure insurance cannot also act as agent for the insurer and bind the insurer by his acts, yet it is competent to inquire into the particulars of the making of each contract of insurance, and if it appears that in the contract in question the agent was not acting for the insured, but only for the insurer, the contract will be sustained; and where it appears that the agent is the duly-appointed and authorized agent of the insurer, and acts as such in making the contract of the insurance, he will be regarded as the agent of the insurer only, although as to other contracts by other companies, of which he was not such authorized agent, he may be regarded as the agent of the insured.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, FORT, GARRETSON, HENDRICKSON, VREDENBURGH, VOORHEES, VROOM. 9.

*For reversal*—None.