CONSUMERS' MATCH COMPANY, PLAINTIFF IN ERROR, v. GERMAN INSURANCE COMPANY. OF FREEPORT, ILLINOIS, DEFENDANT IN ERROR.

Submitted December 8, 1903—Decided February 29, 1904.

An agreement to write and deliver a policy of insurance does not operate as a present contract of insurance pending the issuing and delivery of the policy.

On error to the Supreme Court.

For the plaintiff in error, *George P. Rust.*

For the defendant in error, *Cowles & Carey* and *W. D. Murray,* of the New York bar.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this cause was sued out by the plaintiff on a judgment of nonsuit entered against it in the Supreme Court. The case made by the declaration was that on the 4th day of June, in the year 1901, it was agreed by and between the said plaintiff and the said defendant that the latter, in consideration of the sum of $75, to it to be paid by the former, and which the former then and there agreed to pay, would insure it against loss or damage by fire, to the amount of $2,500, on the former's match factory, in Passaic, New Jersey, and would make good unto it all such immediate loss or damage, not exceeding in amount the sum so insured, as should happen by fires to the said property, from the 4th day of June, 1901, at noon, to the 4th day of June, 1902, at noon, and would forthwith issue and deliver to it a policy of insurance setting forth said contract of insurance, and duly executed by the defendant, which said policy of insurance should contain printed terms and conditions usual and customary to be inserted in its policies by the said defendant. The declaration then alleges a breach of this agreement by the defendant and resulting damage to the plaintiff by reason thereof.

The facts proved were these: The Consumers' Match Company, during the year 1901, was in the business of manufacturing matches, in its factory, located near the city of Passaic. The defendant at that time was, and still is, in the business of fire insurance. Its agent in Passaic during the year 1901 was Hugh Mulholland. In the early part of May, 1901, the plaintiff, desiring to obtain $20,000 of fire insur-

ance upon its factory, gave instructions to one Marsellus, an insurance broker, to procure this amount. Marsellus applied to Mulholland to write $2,500 of this insurance, and Mulholland, as the agent of the defendant company, agreed to write that amount. He had in his possession at that time blank policies of the defendant company, signed by the president and attested by the secretary, ready to be countersigned by him as agent, and to be delivered, to cover any risk he might accept. In pursuance of his agreement with Marsellus, Mulholland actually filled in one of the blank policies of the defendant company for the amount stated, in favor of the plaintiff, but never delivered it. On the night of June 13th, 1901, the plaintiff's match factory caught fire and was partially destroyed. A claim was then made by the plaintiff upon the defendant company for the $2,500 of insurance which Mulholland had contracted to write, and upon a denial by the defendant of liability this suit was brought.

The claim made by the plaintiff in its declaration, and its contention at the trial, was that, although the policy was never delivered, it is, nevertheless, entitled to recover from the defendant to the extent of $2,500, on the verbal contract made by Mulholland. The difficulty with this contention is that it erroneously assumes that Mulholland, by his agreement with Marsellus, contracted to keep the plaintiff's premises protected against loss by fire pending the writing and delivery of the policy of insurance, as was the case in *Smith & Wallace Co. v. Prussian Insurance Co.*, 39 *Vroom* 674. No such contract was in fact made. So far as the proofs show, the question of temporary insurance was never even considered, much less agreed upon, between the parties. A contract to write and deliver a policy of insurance, and a failure to perform that contract, can no more be transmuted into a contract of insurance than a promise of marriage and a breach of that promise by one of the parties to it can be transformed into a marriage ceremony.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.	12.

*For reversal*—None.