BARTHOLOMEW CUSHMAN *vs.* EDMUND I. RICHARDS & others.

A., disagreeing with B. as to the value of a mortgage held by a bank, and therefore as to the value of the bank shares, of which there were a thousand, bought from B. eight shares at their par value and as part of the transaction agreed in writing "to account to B. for one half of the proceeds or avails of" the mortgage. *Held,* that this agreement imported an obligation on the part of A. to pay B. half of the avails of the mortgage to the owner of the eight shares, to wit, four one-thousandths of the avails of the mortgage to the bank.

CONTRACT for the amount of one half of the avails of a mortgage to the Attleborough Bank, which amount the plaintiff alleged was due to him by virtue of a written contract signed by the defendants, as follows: " In consideration of our having this day purchased of Bartholomew Cushman eight shares of the stock of the Attleborough Bank, and having received his obligation therefor and power of attorney to transfer the same, we therefore do hereby promise and agree to account to the said Cushman for one half the proceeds or avails of a certain mortgage held by the bank on the real estate of the owners of the West Boston Iron Foundry." In the superior court, the case was heard by *Rockwell,* J., without a jury, on the facts admitted in the pleadings, or stated in the report of an auditor, (who found the amount of those avails to the bank to be $2866.40,) and the further facts agreed, that the number of shares in the bank was one thousand, and their par value $100 each, and that, when the defendants signed and delivered to the plaintiff the contract declared on, they at the same time paid the plaintiff $800. The judge ruled that the plaintiff was entitled to recover only four one-thousandth parts of $2866.40, with interest from the date of the writ, and gave judgment accordingly. The plaintiff alleged exceptions. The case otherwise is stated in the opinion.

*G. Marston,* for the plaintiff.

*E. Ames,* for the defendants.

HOAR, J. The contract must be construed according to the relation of the parties, and the facts existing at the time, with reference to which it was made. The defendants purchased o.

the plaintiff eight shares of the stock of the Attleborough Bank The parties disagreed as to their value, because the bank held a mortgage from which the vendor believed a considerable sum would be eventually realized, but which the purchasers thought of little value. It was finally agreed that the defendants would purchase the stock at par, and would give a written agreement to account to the plaintiff for one half of the proceeds or avails of the mortgage. There can be no doubt that this contract imports an obligation to pay, and that this is included in the phrase " to account." But the question remains, " the proceeds or avails " to whom ? Obviously, as it seems to us, " the proceeds or avails " to the defendants, as the owners of the shares. The value of the shares was the subject of the contract. There is no evidence that, without any reference to the value of the mortgage, the shares would have been worth par. But the defendants were willing to give and the plaintiff to take that price, with an addition of one half the avails of the mortgage. The amount due on the mortgage was many times larger than the par value of these eight shares. Whatever might be recovered on it, the defendants could derive no benefit beyond their proportion of eight one-thousandths, as owners of so much stock. The proceeds or avails to the bank, or to the other shareholders, were not, and would not become, the property of the defendants, to account for or dispose of.

The parties must be understood as contracting for something in which they had an interest. According to the plaintiff's view, the transaction would not be such a contract, but a kind of wager as to the amount to be recovered by the bank. The superior court adopted the more just and rational construction ; and the plaintiff has no good ground of exception.

*Exceptions overruled.*