[L. A. No. 696.    Department One.—June 25, 1900.]

ADALINE SCHWIND, Respondent, v. HERBERT S. HALL et al., Defendants.    CHARLES M. SHORTRIDGE, Appellant.

FORECLOSURE OF MORTGAGE—PLEADING—NONPAYMENT OF NOTE INDORSED BEFORE MATURITY—SUPPORT OF JUDGMENT.—In an action to foreclose a mortgage by the indorsee of a note which was payable "on or before two years after date," with interest payable semiannually, etc., where the complaint shows an indorsement and delivery by the payee to the plaintiff less than thirty days after the date of the note and continuous ownership of the note and mortgage by plaintiff thereafter, and alleges payment of the interest for one year, and that the principal and interest

thereafter accruing according to the terms of the note "still re-
mains due and unpaid from the defendant [mortgagor] to this
plaintiff," is sufficient to support a judgment for the plaintiff
against the mortgagor.

ID.—DEMURRER FOR UNCERTAINTY — HARMLESS RULING — FAILURE TO
PLEAD PAYMENT.—Where the mortgagor answered the complaint,
but failed to plead payment as a defense, the overruling of a
demurrer interposed by him to the complaint for uncertainty
as to the allegation of nonpayment, in not alleging that the note
was not paid by him to the payee before the indorsement to
the plaintiff, nor by the payee as indorser, if erroneous, is harm-
less, and cannot prejudice any substantial right of the mort-
gagor.

ID.—POSSESSION OF NOTE PRIMA FACIE EVIDENCE OF NONPAYMENT.—
The possession of the note by the payee, and by the plaintiff
from the date of the indorsement, is *prima facie* evidence that
it was not paid to either of them.

APPEAL from a judgment of the Superior Court of San Luis
Obispo County.   E. P. Unangst, Judge.

The note secured by the mortgage was dated March 27, 1895,
and was for the sum of four thousand five hundred dollars, with
interest thereon from date until payment, at the rate of eight
per cent per annum, payable semi-annually, and, if not so paid,
then to be added to and become part of the principal.   The in-
dorsement of the note and assignment of the mortgage was
made by the payee to the plaintiff April 24, 1895, prior to
the maturity of any payment of interest on the note.   Further
facts are stated in the opinion.

John E. Richards, and Samuel M. Shortridge, for Appellant.

The complaint is insufficient as against the demurrer.   It is
a well-settled rule of pleading that in an action brought to
recover upon a promissory note, it is essential that the plain-
tiff should allege that the note has not been paid.   (*Ryan v.
Holliday,* 110 Cal. 335; *Notman v. Green,* 90 Cal. 172; *Scroufe
v. Clay,* 71 Cal. 123; *Hurley v. Ryan,* 119 Cal. 71; *Bank of
Shasta v. Boyd,* 99 Cal. 604.)   It is also the well-established
rule in this state that pleadings are to be construed most
strongly against the pleader.   (*Callahan v. Loughran,* 102 Cal.
476; *Glide v. Dwyer,* 83 Cal. 477; *Hays v. Steiger,* 76 Cal. 555;
*Collins v. Townsend,* 58 Cal. 608.)   No mere presumption of
evidence upon the trial, from possession of the note, can be in-

dulged in favor of the pleader, who must definitely allege its nonpayment.

C. W. Cobb, Graves & Graves, and D. W. Burchard, for Respondent.

Possession and ownership of the note are averred both in the original payee, before the indorsement, and in the indorsee thereafter, and the law raises a presumption of nonpayment against the maker from such possession and ownership. (*Farmers' etc. Bank v. Christensen*, 51 Cal. 571; *Turner v. Turner*, 79 Cal. 565.) Under the facts of the case, any possible error in overruling the demurrer could not have substantially prejudiced the mortgagor, and cannot therefore be ground for reversal. (Code Civ. Proc.,sec. 475; *Gassen v. Bower*, 72 Cal. 555; *Shade v. Sisson etc. Co.*, 115 Cal. 371; *Sloane v. Southern Cal. Ry. Co.*, 111 Cal. 686; *Smith v. Smith*, 119 Cal. 183; *Alexander v. Central Lumber Co.*, 104 Cal. 532.)

GRAY, C.—This is an action on a promissory note and to foreclose a mortgage executed by the appellant Shortridge to the defendant Herbert S. Hall, who indorsed and delivered said note and assigned said mortgage to plaintiff.

The defendants, other than Shortridge, made default. Shortridge demurred to the complaint for want of facts and on the ground that it was uncertain in its allegations as to nonpayment. On his demurrer being overruled he answered, and on a trial plaintiff obtained judgment against him, from which he appeals, and in support thereof relies solely on the insufficiency of the complaint. The complaint shows that the note was drawn payable "on or before two years after date," and that some twenty-seven days after its execution the defendant Hall "assigned said note by indorsing the same on the back thereof, and delivering the same to this plaintiff." The allegation of nonpayment of the note is as follows: "That interest was paid thereon to the twenty-seventh day of March, 1896; which said payments have been indorsed on the said promissory note, and the sum of four thousand five hundred dollars, United States gold coin, the principal sum in said promissory note and mortgage, together with interest thereon at the rate of eight per cent per annum, compounded as in said note provided,

from the twenty-seventh day of March, 1896, still remains due and unpaid from the said defendant, Charles M. Shortridge, to this plaintiff."

Appellant's contention is that the complaint fails to show that the note was not paid: 1. By the appellant to Hall while he was the payee and holder thereof; 2. By Hall to the plaintiff herein during the time that he was liable thereon as an indorser, and after said note became due.

The allegation of delivery of the note by Hall to plaintiff at the time it was indorsed, and that plaintiff was subsequently the owner and holder of it shows *prima facie* that the note had not been paid prior to such indorsement and delivery, for the possession of the note in the payee or indorsee is *prima facie* evidence that it has not been paid. (*Turner v. Turner*, 79 Cal. 565.) If the note had been paid by any person it would have operated as a discharge of it, and also of the mortgage, and appellant might have pleaded such payment as a defense to the action. He did nothing of the kind, though he further defended the action. Therefore, it is not unreasonable to presume that he had no such defense, and that he was in no way misled or otherwise injured by the action of the court in overruling his demurrer. This case should be distinguished from such cases as *Ryan v. Holliday*, 110 Cal. 335, and other cases cited by appellant, in which there was an entire absence of any allegation in the complaint as to nonpayment. The most that can be said against the complaint herein is that it is not as clear and certain as it should have been in its allegation showing a breach of the contract sued on. It contains, however, in addition to other allegations tending to show nonpayment of the note, a clear statement that the principal and part of the interest on the note is unpaid to the plaintiff by the one from whom it is primarily due. We think the complaint sufficient to support the judgment against this appellant, and if the court erred in overruling the demurrer such error should be disregarded because it did not mislead defendant, was merely technical in its character, and was in no way prejudicial to any substantial right of defendant. (*Gassen v. Bower*, 72 Cal. 555; *Holland v. McDade*, 125 Cal. 353.)

We advise that the judgment be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Harrison, J., Van Dyke, J., McFarland, J.