[Civ. No. 2405.   First Appellate District.—September 3, 1918.]

HENRY LUGIANI, Respondent, v. LANDAU ECONOMIC SYPHON CO. (a Corporation), Appellant.

PLEADING — COMPLAINT — NONPAYMENT—DEFECTIVE ALLEGATION CURED BY ANSWER.—Although in an action to recover the agreed price of an article an allegation in the complaint that "the whole thereof is now due and owing from said defendant to said plaintiff," may not, when standing alone, be a sufficient allegation of nonpayment, an answer specifically alleging that the amount of plaintiff's demand had been paid in full, supplied the defect.

ID.—THEORY OF TRIAL—APPEAL.—Where in such case the action has been tried on the theory that nonpayment was an issue in the case, the defendant cannot, on appeal, be heard to successfully question the sufficiency of the allegation in the complaint, in that respect.

SALES—PRICE OF AUTOMOBILE—LIABILITY OF CORPORATION—EVIDENCE. Where, on the trial of an action against a corporation for the agreed price of an automobile, it appeared from the evidence that although the bill of sale was taken in the individual name of one who was the manager of the corporation, the machine was at once put into use by him in the business of the corporation, and was so used for ten months until it was wrecked in a collision, when it was repaired at the expense of the corporation, the contention that the evidence is insufficient to sustain the finding of the trial court in favor of the plaintiff is without merit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellant.

Devoto, Richardson & Devoto, for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for the sum of $450, the agreed price of a certain automobile.

With respect to the appellant's contention that the complaint contains no sufficient allegation of nonpayment, the allegation criticised is that the amount claimed has been demanded and refused, and that "the whole thereof is now due and owing from said defendant to said plaintiff." Standing alone this perhaps is not a sufficient allegation of nonpayment (*Ryan* v. *Holliday,* 110 Cal. 337, [42 Pac. 891]), but the defendant in its answer supplied the defect in the complaint by specifically alleging that the amount of plaintiff's demand had been paid in full. Aside from this, however, the case was tried upon the theory that such nonpayment was an issue in the case. For these reasons the defendant cannot now be heard to successfully question the sufficiency of the allegation of nonpayment. (*Schwind* v. *Hall,* 129 Cal. 40, 43, [61 Pac. 573].)

On the question of the sufficiency of the evidence to sustain the findings of the trial court, it is sufficient to say that we have carefully read the record, and find appellant's contention in this regard to be without merit. It is true that the bill of sale of the automobile was taken in the name of one Udall. Still he was the manager of the defendant corporation, and the automobile was at once put into use by Udall in the business of the defendant, and was so used for ten months and until it was wrecked in a collision. Repairs thereto at the instance of Udall were charged to and paid by the defendant. Much of the testimony introduced on behalf of the defendant failed, for obvious reasons, to commend itself to the favorable consideration of the court, and was of a character which tended in effect to support the plaintiff's case.

The judgment is affirmed.