[Civ. No. 2490. First Appellate District, Division One.—February 13, 1919.]

## F. M. JONES, Respondent, v. INTERNATIONAL INDEMNITY COMPANY (a Corporation), Appellant.

Indemnity Insurance — Action on Covering Note — Date of Issuance—Findings on Conflicting Evidence.—In an action against an indemnity company on a "covering note" to recover the amount plaintiff was compelled to pay in satisfaction of a judgment obtained against him for damages by reason of an automobile accident, where the defense was that the cover note was obtained by plaintiff by fraud and concealment after the happening of the accident, the findings of the trial court on conflicting evidence in favor of plaintiff were conclusive on appeal.

Id.—Covering Note, Effect of.—A cover note is itself a present contract of insurance.

Id.—Pleading—Conditions Precedent.—Where the complaint alleged a valid present insurance contract and that defendant extended the plaintiff credit for sixty days (on the premium) and unconditionally delivered the cover note, that within sixty days plaintiff offered to pay the premium, that he was at all times ready, willing, and able to pay, and that he promptly notified the defendant of the automobile accident, and no conditions precedent on the part of the plaintiff appeared on the face of the complaint, a general demurrer thereto was properly overruled.

Id.—Nonpayment Implied.—Nonpayment, though not directly alleged in such case, may be implied from the allegations that defendant refused to receive from plaintiff the tendered premium, denied any liability under the policy, refused to defend the suit brought against

the plaintiff, and that plaintiff was compelled to pay the judgment obtained against him, and that he had been damaged in the amount specified by reason of defendant's "failure to comply with the terms of its policy."

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donahue, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Cooley & Lachmund and A. E. Cooley  for Appellant.

John D. Murphey and Albert E. Carter  for Respondent.

WASTE, P. J.—This is an action brought by plaintiff against defendant to recover the amount plaintiff was compelled to pay in satisfaction of a judgment, obtained against him, and which he claims defendant should pay, under the terms of its policy of liability insurance theretofore issued to him.   Plaintiff had judgment and defendant appeals.

The amended complaint alleges that on the fourteenth day of July, 1916, plaintiff applied to the duly authorized agent of defendant for liability insurance covering plaintiff's automobile in the sum of ten thousand dollars; that the defendant by its said agent, in consideration of a premium to be paid within sixty days from July 14, 1916, by plaintiff, agreed to, and did, insure plaintiff from the said fourteenth day of July, 1916, for one year, and did then and there issue to plaintiff a covering note, signed by defendant's agent and dated July 14, 1916, providing insurance for a period of ten days from its date, and subject to the terms and conditions set forth in the policy forms as issued by the company on the risk of plaintiff. No policy of insurance other than the covering note was ever issued.

The defendant in its answer denied that plaintiff applied to its agent for liability insurance "on the fourteenth day of July, 1916, or at any time prior to the eighteenth day of July, 1916," and alleged that the cover note was obtained by plaintiff by fraud and concealment after an accident had happened to him.

The date of the transaction is material, for on the seventeenth day of July plaintiff, while driving his said automobile, ran into and injured one Meyer Marcovits.   On the

nineteenth day of July plaintiff went to the office of defendant's agent and procured the covering note, but did not say anything about the happening of the accident. He notified the company in writing, on the 21st, that the accident had occurred.

Marcovits brought an action against Jones for the damages for the injuries suffered by him and secured judgment, which, with costs and expenses, amounted to $1,568.65, the amount sued for in the present action.

The vital issue in the case is raised by the defendant's denial as to the date of the issuance of the covering note. A very strong circumstance in the case is found in the fact that the document bears date July 14, 1916. The plaintiff's evidence, corroborated by the testimony of his son, and of his stenographer, further supports the finding of the trial judge that it is correctly dated. The evidence of defendant's agent and other witnesses may well challenge the correctness of the statements, but the most that can be said on the point is that there is a direct conflict of the evidence. Under the well-known rule, the appellate court will not interfere with the finding of the lower court under such circumstances.

What we have said disposes of appellant's contention that the cover note was secured by concealment *after the accident*. Furthermore, the trial court found "that no act or representation of the plaintiff was done or made with any fraudulent intent whatever."

Counsel for appellant contend that, assuming there was no concealment, and that the covering note was valid, no insurance commenced thereunder until after the accident, because the note was made "subject to the terms and conditions" of appellant's policy form, one of which provides that "this insurance shall not commence until this policy has been countersigned by the company's duly authorized representative." This action, however, is not based on the policy but on the cover note. (*Law* v. *Northern Assur. Co.*, 165 Cal. 402, [132 Pac. 590].)

The cover note was so signed, and the fact that it was not delivered until after the accident is immaterial. It purports to take effect prior to the date of that occurrence, and the evidence establishes that it is the memorial of a prior oral contract for such a cover note agreed to in its essentials, and which the parties intended should take effect as stated in the

note.  (*Crawford* v. *Transatlantic Fire Ins. Co.*, 125 Cal. 609, [58 Pac. 177].)   It has long been established that such a covering note is itself a contract of present insurance. (*Law* v. *Northern Assur. Co., supra.*)

The cover note, as before stated, was subject to the terms and conditions set forth in the policy form as issued by the defendant company on the risk of plaintiff.   The language used served to make the policy form a part of the covering note.   The policy form was not set forth in, or made a part of, the complaint.   The complaint contains no general allegation that plaintiff has performed all of the terms and conditions of the cover note, and of the policy form issued by defendant, on his part to be performed.   Appellant contends, therefore, that the complaint lacked essential and necessary allegations and was fatally defective in that it was incumbent upon the plaintiff to aver such performance (citing *Raulet* v. *Northwestern etc. Ins. Co.*, 157 Cal. 235, [106 Pac. 292] ; *Allen* v. *Home Ins. Co.*, 133 Cal. 29, [65 Pac. 138] ; *Arnold* v. *American Ins. Co.*, 148 Cal. 660, [25 L. R. A. (N. S.) 6, 84 Pac. 182]), and was therefore subject to the general demurrer interposed in the court below, which was overruled.

The plaintiff claimed and alleged a valid, present insurance contract with the defendant, and that defendant extended him credit for sixty days and unconditionally delivered the cover note.   Defendant thereby waived prepayment of the premium as a condition precedent.   (*Raulet* v. *Northwestern etc. Ins. Co., supra.*)   The complaint further alleged that within sixty days plaintiff offered to pay the premium, and that he was at all times ready, willing, and able to pay.   Plaintiff promptly notified defendant of the accident and injury to Marcovits. On the face of the complaint no other or further conditions precedent on the part of the plaintiff appear.   The general demurrer was therefore properly overruled.   In the cases cited the complaints showed that there were certain conditions precedent, the performance of which was not alleged.

The complaint fails to allege that defendant has not paid to plaintiff the amount claimed.   However, from the allegations that defendant refused to receive from plaintiff the tendered insurance premium, denied any liability under the policy, refused to defend the claim and suit for damages brought against plaintiff, and that plaintiff was compelled to pay the judgment obtained against him, ''whereby plaintiff has been

damaged by reason of defendant's failure to comply with the terms of its policy'' in the amount specified, such nonpayment can be implied. (*Curtiss* v. *Bachman*, 84 Cal. 218, [24 Pac. 379]; *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, [22 Pac. 939].)

For the reasons stated, the judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1919.

All the Justices concurred, except Olney, J., who was absent.