[Civ. No. 2762.    First Appellate District, Division One.—May 27, 1919.]

E. A. MOODY, as Administrator, etc., Respondent, v. PACIFIC SURETY COMPANY (a Corporation), Appellant.

[1] EXECUTORS AND ADMINISTRATORS — ACTION ON ADMINISTRATOR'S BOND—NONPAYMENT OF MONEY BELONGING TO ESTATE—PLEADING. In an action against the surety on an administrator's bond to recover money belonging to the estate, an allegation that the defendant has failed to pay the money, standing alone, is not a sufficient allegation of nonpayment; but such a complaint is sufficient in this respect where it alleges that neither the administrator nor anyone in his behalf has accounted for said sum or any part thereof, and this is followed by the allegation that the administrator charged himself with the exact sum sued for, that upon his failure to appear in answer to a citation to account the court found that same sum to be still due, and that the defendant after demand refused to make payment.

[2] ID.—MEANING OF PHRASE "TO ACCOUNT FOR."—The phrase "to account for" means more than the mere filing of a paper statement of account; it is a condition that is not satisfied short of paying over the trust fund to the cestui que trust.

[3] ID. — DEFECTIVE COMPLAINT — CURED BY ANSWER.—In an action against the surety on an administrator's bond to recover money belonging to the estate, any defect in the complaint in alleging nonpayment is cured by an affirmative allegation in the answer that the administrator has properly paid out and disbursed in the course of said administration all moneys received by him as such administrator, except such moneys as were delivered into the hands of the plaintiff, and that all moneys not so paid out and disbursed by said administrator were received and retained by plaintiff.

[4] ID.—INSUFFICIENT PLEADING—WHEN MAY BE CURED BY CONTROVERTING PLEADING.—When a pleading is insufficient on account of an insufficient statement of material facts rather than on account of a statement of insufficient facts, the defect in such a pleading may be cured by the filing of a controverting pleading which clearly and unequivocally places in issue the material facts which have not before been put in issue on account of the insufficient statement of the former pleading.

[5] ID.—PROOF OF AMOUNT DUE ESTATE—SUFFICIENCY OF EVIDENCE.— In an action against the surety on an administrator's bond to recover money belonging to the estate, proof that such administrator in his account charged himself with the exact sum sued for, that he was removed as such administrator because of his con-

tinued failure to account for the moneys in his hands, and that at the time he was removed he failed to pay over to his successor all of the funds of the estate then in his possession, and three years later refused to answer a citation requiring him to account, constituted sufficient evidence to support a finding of nonpayment of the sum sued for as against the surety.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis Oneal and Wm. F. James for Appellant.

R. C. McComish and D. M. Burnett for Respondent.

NOURSE, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and against the surety on the bond of W. M. Smith, as administrator of the estate of A. E. Moody, deceased.

The conceded facts are that in January, 1905, Smith was appointed administrator of the estate; in February, 1911, he filed his account as such administrator, showing $2,577.66 in his hands belonging to said estate. In January, 1914, the probate court removed Smith as administrator and appointed respondent in his stead; in February, 1917, a citation was issued to, and personally served on, Smith, requiring him to render an account; upon his failure to appear the respondent, by order of the court, rendered an account for him, showing $2,577.66 in Smith's hands owing to the estate; this account was settled, and in April, 1917, a written demand for the payment to respondent of this sum was made on appellant before the commencement of this action. Respondent in this action sued the surety for the amount shown by this account to be due from Smith to the estate, and recovered judgment for that amount.

[1] Appellant insists that the complaint failed to state a cause of action, in that it failed to allege nonpayment by Smith to the respondent, but merely alleged that "said W. M. Smith . . . has never accounted to the plaintiff or to the heirs of said A. E. Moody . . . for said sum," and that *defendant* has failed, neglected, and refused to pay the same or any part thereof."

Of course, the allegation that the defendant has failed to pay, standing alone, is not a sufficient allegation of non-payment, because payment might have been made by another. But the complaint alleges that neither the administrator nor anyone in his behalf has accounted for said sum or any part thereof. This is followed by the allegation that the administrator charged himself with the exact amount sued for; that upon his failure to appear in answer to the citation to account, the court found that same amount to be still due; and that the defendant after demand refused to make payment.

The bond, which is made a part of the complaint, contained the condition that the administrator would "faithfully execute the duties of the trust according to law." An administrator is chargeable with the whole of the estate coming into his possession. (Code Civ. Proc., sec. 1613.) One of the duties of an administrator is to pay over all sums of money due from him to the distributees in accordance with the decree of distribution, and this he must do before he may be discharged. (Code Civ. Proc., sec. 1697.) Another duty is to "render an exhibit under oath showing the amount of money received and expended by him . . . and all other matters necessary to show the condition of its [the estate's] affairs." (Code Civ. Proc., sec. 1622.)

[2] The phrase "to account for" means more than the mere filing of a paper statement of account, which is referred to as an exhibit in the preceding section. In *State* v. *Williams*, 77 Mo. 463, the contention was made that the condition of a guardian's bond "that he would well and truly account for" the moneys received by him was satisfied when the guardian charged himself with the ward's money in the annual settlement. And, as in the instant case, the breach assigned in the petition was the failure "to account for" the moneys of the estate. But the court (77 Mo. 471) said: "This is not all that is embraced in this term 'account for.' It is a condition not satisfied short of paying over the trust fund to the *cestui que trust*." To a like effect is *Cushman* v. *Richards*, 100 Mass. 232. Thus the allegation of failure to account for the funds of the estate sufficiently raises the issue of failure to pay over the funds of the estate to respondent. Though the complaint

41 Cal. App.—19

is by no means a model, it contains a sufficient statement of facts which, taken with the inferences which may be properly drawn from the facts stated, is sufficient to sustain it as against a general demurrer. (*Jones* v. *International Indemnity Co.,* 39 Cal. App. 706, [179 Pac. 692].)

[3] But even if the complaint were defective in this respect, it is cured by the allegations of the answer, which read: "That said W. M. Smith, as such administrator, has properly paid out and disbursed in the course of said administration all moneys received by him as such administrator except such moneys as were delivered into the hands of said plaintiff herein, and that all moneys not so paid out and disbursed by said W. M. Smith were received and retained by said plaintiff." [4] When a pleading is defective on account of an insufficient statement of material facts, rather than on account of a statement of insufficient facts, the defect in such a pleading may be cured by the filing of a controverting pleading which clearly and unequivocally places in issue the material facts which have not before been put in issue on account of the insufficient statement of the former pleading. (*Lugiani* v. *Landau Economic Syphon Co.,* 38 Cal. App. 146, [175 Pac. 648].)

[5] Appellant further insists that the finding of the trial court that Smith had not paid the amounts sued for is not supported by any evidence. The evidence is that in February, 1911, Smith filed his account as administrator, charging himself with the exact sum here sued for; that in January, 1914, after the probate court found his continued failure to account for the moneys in his hands, he was removed as such administrator. It became his duty at that time to pay over to his successor all of the funds of the estate then in his possession. This he failed to do, and three years later refused to answer the citation requiring him to account. There is ample evidence of a most flagrant breach of trust on his part as such administrator shown by the record. The settlement of respondent's account in April, 1917, taken with the administrator's own admissions, was sufficient to fix the amount.

This evidence of the liability of the administrator was sufficient to support the finding of nonpayment as against the appellant. In a similar case the supreme court, in holding that the settlement of the account of the adminis-

trator was conclusive against his sureties, said: "When the liability of the principal thus became fixed, that of the surety attached, and upon the failure of the principal to pay the money an action could have been maintained against the surety. In such case the decree of the probate court would have been conclusive upon the status of the account as respects the sureties as well as the administrator." (*Chaquette* v. *Ortet*, 60 Cal. 594, 599.) To the same effect is *Evans* v. *Gerken*, 105 Cal. 311, 313, [38 Pac. 725].)

For the foregoing reasons the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.