[Civ. No. 3339.   Third Appellate District.—October 22, 1927.]

C. E. GILMAN et al., Petitioners, v. THE SUPERIOR COURT OF NEVADA COUNTY, Respondent.

Sherman & Peters and Marcel E. Cerf for Petitioners.

W. E. Wright, Lynne Kelly and Henry B. Neville for Respondent.

FINCH, P. J.—This is an original proceeding to review the action of the respondent in adjudging the petitioners guilty of contempt of court.

December 5, 1925, the Alpha Hardware & Supply Company commenced an action in the Superior Court of Nevada County against the Ruby Mines Company and other defendants, including the petitioners herein. The complaint therein set up six alleged causes of action, in the first five of which judgment was entered in favor of the defendants. In the sixth cause of action it is alleged that the Ruby Mines Company "is indebted to the plaintiff in the sum of $4,838.19 on account of" five judgments in favor of plaintiff or its assignors against the defendant company; that all of the judgments have been docketed in Sierra County and constitute liens on all real property of the Ruby Mines Company in that county; that said company is the owner of

the lands in Sierra County described in the trust deed hereinafter referred to; that petitioners and other defendants were the directors of the Ruby Mines Company and as such directors, "for the purpose of hindering, delaying and defrauding plaintiff and plaintiff's said assignors and creating an unlawful preference or gift to the defendant Dwight Hutchinson, . . . and without any valuable consideration therefor, . . . caused to be executed . . . the promissory note and deed of trust . . . described in 'Exhibit A' attached hereto and made a part hereof''; that the Ruby Mines Company "has never at any time been indebted to any of the defendants herein"; that "defendant M. C. Mitchell claims some right, title or interest in and to said property under and by virtue of said trust deed, and that defendants H. L. Breed and W. M. Thornton, trustees named in said trust deed, and defendant M. C. Mitchell have taken, and are prosecuting, proceedings under the terms and conditions of said trust deed . . . to sell said property . . . and to foreclose all the right, title, and interest of said defendant, the Ruby Mines Company, in and to said property"; that executions upon said judgments were issued and "returned wholly unsatisfied"; that the defendant Ruby Mines Company is insolvent; that it is controlled by said defendant directors and "is prevented by said defendants from taking any action to pay the indebtedness owing to plaintiff as aforesaid"; and that the petitioners herein and certain other defendants are stockholders of the Ruby Mines Company and were such when the alleged debts were incurred. The alleged trust deed was executed by the Ruby Mines Company to Breed and Thornton as trustees to secure the payment of its promissory note to Hutchinson for forty thousand dollars.

The defendants demurred to the complaint and apparently it is conceded that the demurrer was sustained, although the petition does not so allege. Thereafter the plaintiff filed a pleading, designated as "First Amended Complaint," and, in so far as material here, reading as follows:

"Now comes the above-named plaintiff and amends the complaint on file herein as follows, to-wit: . . . That paragraphs I to VI both paragraphs inclusive, in the sixth cause of action, set forth in the original complaint, are hereby

referred to and made a part hereof as fully for all purposes as if set forth at length herein; that the deed of trust attached to said original complaint is hereby referred to and made a part hereof as fully for all purposes as if set forth at length herein.''

The sixth cause of action, as stated in the original complaint, contained but six paragraphs. The prayer of the amended complaint is for judgment:

''That each of said defendants may be required to set forth the nature of his claim in and to the stock, note, trust deed and property of said defendant, Ruby Mines Company, or either of them, and that all adverse claims of the said defendants, or either of them, be determined by this court; . . . that it be adjudged, decreed and determined that said deed of trust and promissory note are fraudulent and void; . . . that the title of said defendant, Ruby Mines Company, in and to the said property be quieted against any and all claims of said defendants; . . . that said defendants, other than said defendant, Ruby Mines Company, . . . be forever debarred from asserting any claim whatever in or to said land, property and premises, adverse to the said defendant, Ruby Mines Company, or to the said liens of this plaintiff; . . . and for such other and further relief as is meet and agreeable to equity.''

The defendants other than the Ruby Mines Company demurred to the amended complaint and, their demurrer being overruled, they answered the allegations of the original complaint referred to in the amended complaint. Upon the issues so framed the court found, among other facts, as follows:

That the Ruby Mines Company is the owner of the real property described in the trust deed; that the alleged judgments in favor of plaintiff constitute valid liens thereon; that the trust deed is a fraudulent conveyance, ''executed for the purpose . . . of hindering, delaying and defrauding the creditors of said defendant Ruby Mines Company and . . . plaintiff and plaintiff's assignors, in the collection of the several debts then owing them from said defendant, Ruby Mines Company, . . . that plaintiff's claims and liens in and upon the title to said real property are superior to the right, title and interest of said defendants, and each of them, in and to said real property.''

Judgment was entered on the findings, canceling the said promissory note and trust deed; adjudging that the Ruby Mines Company is the owner of the real property in controversy, subject to plaintiff's judgment liens, but "not subject to any valid right, title, estate, lien or interest of any or all the other defendants, . . . and that the aforesaid judgment liens of plaintiff are superior to the claims of all such . . . defendants; that said defendants and each and every of them, . . . be, and they are hereby, forever debarred and restrained from asserting any claim whatever in or to said real property and premises, or any part thereof, adverse to the said defendant, Ruby Mines Company, or adverse to the said judgment liens of plaintiff."

The petitioners herein and certain other defendants appealed from the judgment and thereafter commenced an action in the Superior Court of Sierra County against the Ruby Mines Company, the Alpha Hardware & Supply Company, and others to have it adjudged:

"That the claims and liens of the defendant Alpha Hardware & Supply Company and its assignors, against the hereinabove described properties (the real properties described in the aforesaid trust deed) by virtue of judgments obtained against the Ruby Mines Company, or otherwise, be declared null and void; that the plaintiff's title be quieted in said properties; . . . that the defendant Ruby Mines Company holds the record title to and possession of the said properties only as trustee for the benefit of the plaintiffs herein"; and that the Alpha Hardware & Supply Company "be forever enjoined and restrained from . . . asserting or enforcing any claims of liens or otherwise, or exercising any acts of ownership or control over the said properties or any part thereof by virtue of any judgments or rights against the defendant Ruby Mines Company, or otherwise."

It is clear that the prosecution of the Sierra County action was a violation of the injunctive provisions of the Nevada County judgment. Petitioners contend that those provisions are void on several grounds.

It is first urged that the judgment is entirely void because the original complaint was superseded by the amended complaint and that the latter "is no complaint at

all," that the references in the amended complaint to the allegations of the original complaint are wholly ineffectual because neither the original complaint nor a copy thereof was attached to the amended complaint. It is uncertain whether the amended complaint was intended as such or merely as an amendment to the original complaint. At the trial the court granted the plaintiff's motion to attach the original complaint to the amended complaint, stating: "The court will admit the original complaint and it may be attached to the amendment to the complaint. . . . The original complaint is not admitted as evidence in the case. The court is admitting it as part of the pleadings in the case and attached to the amended complaint." Surely this rendered the amended complaint immune from collateral attack on the ground urged by petitioners. It is further urged that the complaint as so amended does not state facts sufficient to give the court jurisdiction to render the judgment in question. ▮ Conceding that the complaint is defective in failing to allege that the defendants, other than the corporation, claimed some interest in the property adverse to the plaintiff's judgment liens, the defect is not such as to render the judgment void as against the petitioners. In *Estate of Ross,* 180 Cal. 651, 659 [182 Pac. 752] it is said: "It is thoroughly settled in this state that the failure of a complaint to state a cause of action is not a defect going to the jurisdiction of the superior court, and that a judgment given upon such a complaint cannot be held void upon collateral attack. . . . Of course the same thing is true as to an objection that the findings do not support the judgment given." In another case it is said: "A judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand." (*Christerson* v. *French,* 180 Cal. 523, 525 [182 Pac. 27]; *Trans-Pacific T. Co.* v. *Patsy F. & R. Co.,* 189 Cal. 509, 513 [209 Pac. 357].) "The court having jurisdiction of such an action has power to determine what facts are put in issue by the pleadings, where they are ambiguous or imperfectly stated, and, having such power, it may make an erroneous decision of the question, and such decision cannot

be questioned collaterally.'' (*Koehler* v. *Holt Mfg. Co.,* 146 Cal. 335, 338 [80 Pac. 73].)

Petitioners concede that the Nevada County Court ''had jurisdiction to render a decree setting aside the deed of trust. (*Woodbury* v. *Nevada etc. Ry. Co.,* 120 Cal. 463 [52 Pac. 730].)'' ■ But they contend that the court did not have jurisdiction ''to quiet title against unlitigated and unpleaded claims of the individual defendants in the suit.'' It is true that the judgment purports to quiet title in the Ruby Mines Company, but it was not for the violation of that provision alone that the petitioners were adjudged guilty of contempt. The judgment in the contempt proceeding recites that the petitioners violated the quoted injunctive provisions of the Nevada County judgment by asserting, in the Sierra County case, ''a claim or claims in and to said real property and premises referred to in said judgment, adverse to said defendant, Ruby Mines Company, and adverse to the said judgment liens of said plaintiff therein referred to,'' and that ''said claim or claims of said defendants were and are based upon alleged title or titles to said real property alleged by said defendants to have been vested in them prior to the entry of said judgment, and which said claim or claims were concluded by said judgment adversely to said defendants.'' Irrespective of the finding that petitioners asserted claims which were adverse to the Ruby Mines Company, it was sufficient to constitute a contempt that they asserted claims of interest adverse to the judgment liens of the Alpha Hardware & Supply Company, unless the injunctive provisions of the Nevada County judgment are void. As between that company and the petitioners, the action was one to determine priority of liens or interests rather than to quiet title to the real property.

■ ''The general rule is that all persons claiming a present interest in the property should be made parties defendant in an action to set aside a fraudulent conveyance thereof.'' (27 C. J. 751.) ''All persons interested in the controversy or who may be affected by the decree should be made parties to an action to set aside a fraudulent conveyance, though the interest of all may not be affected alike.'' (12 Cal. Jur. 1048.)

In such an action, of course, the court has jurisdiction to restrain a party from further assertion of an invalid claim adversely to a valid claim of another party. Petitioners make no contention to the contrary.

Petitioners contend that the appeal "rendered the judgment ineffective" and that therefore the court was without power to punish them for violation of the injunction. "By a line of decisions beginning with the early history of the state, the rule has been settled that an appeal does not stay the force of a prohibitive injunction. Such an injunction requires no execution for its enforcement. It acts directly without process upon the defendant, or, in other words, it is self-executing, and pending an appeal from an order granting such injunction the lower court has full power to punish its violation." (2 Cal. Jur. 439.)

The judgment in the contempt proceeding is affirmed.

Burroughs, J., *pro tem.*, and Plummer, J., concurred.

An application by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 19, 1927.