[Civ. No. 3673.   Third Appellate District.—March 13, 1929.]

ALPHA HARDWARE AND SUPPLY COMPANY (a Corporation), Respondent, v. RUBY MINES COMPANY (a Corporation) et al., Defendants; C. E. GILMAN et al., Appellants.

510

Sherman & Peters for Appellants.

W. E. Wright, Lynne Kelly and Henry B. Neville for Respondent.

JAMISON, J., *pro tem.*—This is an appeal by defendants Gilman, Pike, Kerr, Hamilton, Hutchinson, Millar, De Vaux, Mitchell, Breed, and Thornton from a judgment canceling and annulling a deed of trust executed by defendant Ruby Mines Company to appellants Breed and Thornton as trustees for the benefit of appellant Hutchinson and declaring that the liens of the judgments theretofore rendered against said company and in favor of respondent and its assignors are superior to the claims of appellants under said deed of trust and debarring and restraining appellants from asserting any claim whatsoever, arising from said deed of trust to the mining claims in controversy, or any part thereof adverse to the defendant Ruby Mines Company, or

adverse to the judgment liens of respondent and its said assignors.

The facts of this case are very fully set forth in the opinion rendered by Presiding Justice Finch in the *Matter of the Application of C. E. Gilman and L. E. Kerr, Petitioners*, v. *Superior Court*, 86 Cal. App. 259 [260 Pac. 922]. We, therefore, deem it unnecessary to restate them here.

Appellants urge on this appeal that their demurrer to the amended complaint should have been sustained upon the grounds that the said complaint did not state a cause of action and upon the further ground that the action involved title, right of possession to and enforcement of liens upon real estate situated in Sierra County, while the action was brought in Nevada County. The complaint consisted of six counts, five of which were for the enforcement of stockholders' liability against certain of the defendants and those five counts are not involved in this appeal.

The sixth count alleges that the Ruby Mines Company is indebted to respondent in the sum of $4,838.19 on account of said judgments of respondent and its assignors. That the said company owns certain mining property in Sierra County and that appellants Gilman, Pike, Kerr, Hamilton, and defendant Vahrenkamp are and were the directors of said company; that said company was never at any time indebted to any of the defendants, but that the said directors for the purpose of hindering, delaying, and defrauding respondent and respondent's assignors and creating an unlawful preference or gift to Hutchinson, at a meeting of said directors fraudulently and in violation of their trusts and duties as such directors and without any valuable consideration therefor being paid to said company, caused to be executed, on behalf of said company, the note and deed of trust in favor of Hutchinson involved in this action; that said company is, and was at the time said note and deed of trust was executed as aforesaid, insolvent.

Section 3439 of the Civil Code provides that every transfer of property, or charge thereon, made with intent to delay or defraud any creditor of his demand is void against creditors of the debtor; and section 3442 of said code provides that a voluntary transfer or encumbrance of property by a party while insolvent or in contemplation of insolvency is fraudulent and void as to existing creditors.

We are of the opinion that the sixth count of the complaint states a cause of action.

As to appellants' objection that this action should have been brought in Sierra County, we are of the opinion that the real purpose and object of the action, as set forth in the sixth count of the complaint, was to set aside and cancel the note and deed of trust which, as is alleged in said count, was executed for the purpose of defrauding respondent and its assignors, who were creditors of the said Ruby Mines Company. The provision of the constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county where the real estate is situated does not apply to an action in the nature of a creditor's bill, brought to set aside a conveyance made by an execution debtor on the ground of fraud. (*Beach* v. *Hogdon*, 66 Cal. 187 [5 Pac. 77] ; *Woodbury* v. *Nevada etc. Ry. Co.*, 120 Cal. 463 [52 Pac. 730].)

Appellants contend that the amended complaint upon which this action was tried was insufficient to constitute a cause of action, or in reality was not a complaint at all, because of the manner in which it was drawn, in this that in the amended complaint instead of the pleader setting out the six paragraphs in full contained in said count six, as same appeared in the original complaint, he merely set forth the following: ''That paragraphs I to VI, both paragraphs inclusive, in the sixth cause of action, set forth in the original complaint, are hereby referred to and made a part hereof as fully for all purposes as if set forth at length herein.'' While we are far from approving this abbreviated method of pleading, yet in view of the fact that appellants answered said amended complaint and in detail denied practically every allegation contained in the said sixth count thereof, and the case was tried just as though each of the said paragraphs contained in the sixth count of the original complaint was set out in detail in the amended complaint, we do not feel that this alleged error would require a reversal of this case. The rule that a defective complaint may be aided by averments contained in the answer is thus set forth in volume 21, California Jurisprudence, 278: ''Although the complaint is fatally defective, the necessary issue having been tendered by the answer and tried, a judgment will not be reversed merely for

the purpose of allowing an issue to be tendered by the plaintiff upon matter that has already been practically put in issue at the instance of the defendant and been determined.''

When a pleading is defective on account of an insufficient statement of material facts, rather than on account of a statement of insufficient facts, the defect in such pleading may be cured by the filing of a controverting pleading which clearly and unequivocally places in issue the material facts which have not before been put in issue on account of the insufficient statement of the former pleading. (*Moody v. Pacific Surety Co.*, 41 Cal. App. 287 [182 Pac. 802].)

Appellants next contend that certain findings of the trial court to the effect that the execution of the note and deed of trust to appellant Hutchinson was done for the purpose of defrauding respondent, a creditor of said company, and to hinder and delay him in the collection of his debt, are not supported by the evidence. It appears that one E. L. Case was the owner of mining claims situated in Sierra County and that he had given defendant Vahrenkamp an option to purchase them; that for the purchase, operation and development of said mining claims Vahrenkamp needed financial assistance; that appellants Kerr, Millar and Gilman advanced to him, at various times, sums aggregating $40,000; that thereupon Vahrenkamp executed a writing to them wherein he agreed, as a consideration for said loans, to give to them an option for five years for a fifty per cent interest in said claims. That Vahrenkamp having exercised his option, and with the money advanced him by Kerr, Millar and Gilman, having purchased the mining claims from Case, it was agreed that a corporation known as the Ruby Mines Company should be formed to take over the said mining claims. The corporation was formed pursuant to this agreement and the mining claims were conveyed to it by Vahrenkamp. As a consideration for the conveyance of the mining claims to the company, 999,000 of the 1,000,000 shares of its capital stock were issued to Vahrenkamp, and thereupon Vahrenkamp had 500,000 shares of this stock, so issued to him, reissued to Kerr as trustee for the benefit of Kerr, Millar and Gilman.

Vahrenkamp testified that a short time prior to the execution of the note and deed of trust to Hutchinson, some of the creditors of the company were insisting upon

the payment of their claims. Vahrenkamp was the president and general manager of the company and a director thereof, and he consulted with the other directors regarding the financial condition of the company, it having no funds with which to pay its creditors. During this time labor was being done on the claims and merchandise was being furnished the company, all of which would have to be paid for. It was finally decided that to prevent the creditors from pressing their claims, by attachment or otherwise, a meeting of the board of directors should be called and the note and deed of trust should be executed to Hutchinson, although the company was not indebted to Hutchinson in any amount, and this program was carried out.

The evidence adduced by respondent clearly shows that at no time was the company the debtor of any of the appellants. Kerr, Gilman, and Millar loaned the $40,000 to Vahrenkamp and not to the company. Admitting that they did not purchase the fifty per cent interest of Vahrenkamp outright, but only took an option for that interest, still upon their decision not to take up the option their recourse for the return of the money they loaned Vahrenkamp would have been against him and not against the company. In the case of *Guernsey* v. *Douglas*, 171 Cal. 329 [153 Pac. 227], the court said: "It is also claimed that there is no support in the evidence for the finding regarding the fraudulent intent of Douglas in making the conveyance. We cannot sustain this claim. The evidence of the defendant, as a whole, indicated that the only consideration really given for the conveyance was the sum of ten dollars paid to him at the time by his wife, and that this was not paid as a price for the property, but for the reason that they deemed it necessary to make such payment in order to make the deed 'legal,' as he termed it, and that the deed was not made as a spontaneous transaction or voluntary gift, but because he feared that his creditors were about to attach the property. From all this the fraudulent intent was deducible."

So in the case under consideration, from the evidence produced by respondent, we think the trial court had the right to deduce therefrom the fraudulent intent.

Appellants claim that the finding that the Ruby Mines Company was insolvent when the deed of trust was

executed is not supported by the evidence. The evidence on the part of respondent was that, while the value of the property owned by the company exceeded the amount named in the note and deed of trust, at and prior to the date of the execution of the said note and deed of trust, the company was unable to pay its debts as they became due; that as a matter of fact the note and deed of trust were executed to prevent the creditors of the company, whose debts were due and unpaid, from enforcing the collection thereof by attachment. ■ A debtor is insolvent when he is unable to pay his debts from his own means as they become due. (*Southwick* v. *Moore*, 61 Cal. App. 585 [215 Pac. 704]; *First National Bank of Los Angeles* v. *Maxwell*, 123 Cal. 360 [69 Am. St. Rep. 64, 55 Pac. 980].)

■ The court found that this deed of trust was made with the intent of hindering, delaying, and defrauding the creditors of the company, including respondent and its assignors, in the collection of the debts owing to said creditors from said company and this finding is supported by the evidence of Vahrenkamp, who testified that the deed of trust was made to prevent the creditors of the company from enforcing the collection of their debts by attachment. If the intent is made out, it is not necessary to show that the debtor was insolvent at the time. (*Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 Pac. 542].) In the case of *Evans* v. *Sparks*, 170 Cal. 532 [150 Pac. 372], the court said: "It is true that fraud may be shown and may invalidate a deed even when the grantor does not entirely strip himself of assets, where there is other compelling proof of a fraudulent intent." (2 Bigelow on Frauds, p. 393; *Johns* v. *Baender*, 40 Cal. App. 790 [182 Pac. 55].) In this last-named case the court said: "If a conveyance is made with the intent to defraud creditors it is void notwithstanding that the debtor has other property ample in amount to satisfy his creditors."

■ Appellants moved the court to grant them a new trial in this case, one of the grounds thereof being newly discovered evidence. With said motion affidavits of appellants Pike and Hamilton were submitted, in which were set forth certain testimony that they would give upon a retrial of the case. Examination of the affidavits discloses that the facts therein stated are merely cumulative, and no

showing is made that this evidence could not have been produced at the trial of this case. The court properly denied the motion.

As we view the pleadings, this action as set forth in the sixth count of the amended complaint is, in effect, a creditor's bill, the object and purpose of which are to set aside and annul the alleged fraudulent note and deed of trust. It is in no respect an ordinary action to quiet title to real estate. However, the judgment is somewhat broader than is warranted by the pleadings and the evidence. We think it should be and it is hereby modified by adding at the end of paragraph 4 of said judgment the following words: "arising out of, under or by virtue of said deed of trust"; also by adding to paragraph 5 of said judgment on the fifth line of said last-named paragraph after the word "thereof" the following words: "arising out of, under or by virtue of said deed of trust."

And as so modified, the judgment is affirmed, the respective parties to pay their own costs on this appeal.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1929.

All the Justices present concurred.

Langdon, J., not voting.