## UNITED STATES v. REHWALD et al.

District Court, S. D. California.

Nov. 7, 1930.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal.

Ralph F. Graham and Russell Graham, both of Los Angeles, Cal., for defendants.

HAZEL, District Judge.[1]

The joint accusation against the defendants arises under the Act of March 3, 1927, c. 209, § 1 (7 USCA § 491), which, in so far as material here, provides as follows: "After June 30th, 1927, any person, firm, association, or corporation, receiving any fruits, vegetables, melons, dairy, or poultry products or any perishable farm products of any kind or character * * * in interstate commerce, or in the District of Columbia, for or on behalf of another, who * * * shall knowingly and with intent to defraud fail truly and correctly to account therefor shall be guilty of a misdemeanor and * * * shall be punished. * * * "

The stipulation of facts submitted to the court substantially states that defendants received in interstate commerce from the shipper a consignment of cantaloupes from Yuma, Ariz., which were sold by the defendants at San Bernardino, Cal., in June and July, 1927, and that, after deducting the necessary expenses, the net proceeds from the sale or

[1] Designated.

sales amounted to $593.67. Defendants did not forward a statement of the account or receipt of the shipment and sales until October, 1927, when "an account of receipt and sales was rendered" and accompanied by the statement that defendants had had business difficulties with their creditors, and therefore had delayed accounting "hoping to be able to send with it money due the shipper." They did not, however, send the net proceeds realized on sales, and the question presented on this motion to dismiss the information is whether the words "account therefor" contained in the statute, properly interpreted, include payment, or whether it was restricted simply to a recital or reckoning of the transaction.

I have considered the arguments pro and con and reached the conclusion that Congress used the phrase "account therefor" in a sense broad enough to include payment and settlement of the account. The act in question specifies several offenses, among them making a false report or statement with intent to defraud concerning the handling, condition, and quality of the produce, or, with like intent, failing truly and correctly to account therefor. Such phrasing, in my opinion, implies the omission to account therefor by payment. It is inconceivable that Congress merely intended to legislate against forwarding a false statement to the shipper to enable the latter to pursue a civil remedy for the recovery of the amount, and I deem it more logical that Congress designed to protect shippers of products in interstate commerce from misappropriation by their agents and to compel a true accounting of the transactions and remission of the proceeds of sale. That such was its object and purpose is fairly disclosed by the statement of the author of the bill before the House Committee on Agriculture, wherein he was asked whether the words, "shall truly and rightly account therefor," included payment, and he answered that they did. (See report of the Senate Committee in relation to the inclusion in the bill of the words "knowingly" and "with intent to defraud".) That such statements may be considered in construing the act cannot seriously be disputed. Cassarello v. U. S. (D. C.) 271 F. 486. See also U. S. v. Bhagat Singh Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616. The term "account for" has been in various state adjudications interpreted to mean paying over the money to the person entitled thereto. See State v. Williams, 77 Mo. 463; Cushman v. Richards, 100 Mass. 232. And in Thomas v. Mahan, 4 Me. (4 Greenl.) 513, the court said: "The expression 'holden to

account for,' means, not merely to 'render an account of,' but, 'to be responsible for;' it stands in opposition to the right of appropriation to one's own use and benefit. In common cases of principal and agent, the expression would be as well satisfied by an honest return of that part of the principal's goods which the agent could not sell as by a payment of their proceeds in case he had sold them. Such is the common understanding of language thus used." Inasmuch as defendants were simply agents for selling the merchandise for the shipper, the quotation in the last case cited is believed to have direct application. Judge Groner in an unreported decision has also ruled that the act in question, including the words "account for," clearly contemplates payment.

The defendants are therefore guilty of violation of the statute here considered, and should be brought before the court for punishment. So ordered.