[Civ. No. 10030.   First Appellate District, Division One.—August 12, 1936.]

GLOBE & RUTGERS FIRE INSURANCE COMPANY (a Corporation), Respondent, v. LIBERTY BELL INSURANCE COMPANY (a Corporation) et al., Appellants.

Thomas, Beedy & Paramore for Appellants.

Thornton & Taylor and Thornton, Menzies & Taylor for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff against defendants to recover upon a binder or cover obligation issued by the Liberty Bell Insurance Company, reinsuring a part of plaintiff's liability under a policy of insurance which it had issued to the Holly Sugar Company. The Guardian Fire Assurance Corporation took over the Liberty Bell Insurance Company's liabilities and obligations, and agreed to insure risks subsequently written by it; and later the American Equitable Assurance Company of New York assumed the liabilities and obligations of both of these companies. Upon the trial of the case judgment went in favor of plaintiff, from which the defendants have appealed.

The appeal is brought up on a bill of exceptions, which contains agreed stipulations of facts. From these stipulations the following appears: Edward Brown & Sons were the agents of respondent in California, and W. H. Ticknor was the agent of the Liberty Bell Insurance Company. On November 15, 1929, respondent insured Holly Sugar Company

for one year against loss or damage by fire on its property, under policy No. 103687, and at the same time the Liberty Bell Insurance Company, at the request of respondent, issued to it a reinsurance certificate No. 213, whereby it reinsured respondent for the same term to an amount not exceeding one per cent of respondent's liability as insurer of the property of said Holly Sugar Company. On October 3, 1930, respondent, in accordance with the local insurance practice, applied to the Liberty Bell Insurance Company for an extension of said reinsurance for thirty days from and after November 15, 1930, and to and including December 15, 1930. Prior to the expiration of such extension, and on or about December 1, 1930, at respondent's request, defendant Liberty Bell Insurance Company increased the said extension for an additional thirty days, so that by virtue of said last extension said reinsurance of appellant was continued until January 15, 1931. On December 8, 1930, said policy No. 103687 was renewed for one year from November 15, 1930, the new policy being numbered 189237. Under policy No. 103687 respondent had retained twelve and a half per cent liability, and reinsured the remainder of eighty-seven and a half per cent; but under policy No. 189237 it retained seventeen and a half per cent, and reinsured for eighty-two and a half per cent. Thereafter, and prior to December 15th, respondent, in making up its reinsurance schedule, forwarded applications therefor to all reinsurers from whom it had obtained extensions, except such as represented five per cent of respondent's said liability. The Liberty Bell Insurance Company was one of the insurers representing five per cent of respondent's liability to which it did not forward an application. On December 15, 1930, Holly Sugar Company sustained a loss at Anaheim, and upon an adjustment thereof respondent recovered from the reinsurers to whom it had made applications eighty-two and a half per cent of said liability, but it made no claim against those reinsurers representing five per cent of its liability from whom it had obtained extensions as above stated, and among which was the Liberty Bell Insurance Company. Immediately thereafter, and on December 17, 1930, the Liverpool & London & Globe Insurance Company, one of respondent's reinsurers to the extent of five per cent of the risk, who had paid its proportion of the Anaheim loss, gave respondent notice of cancella-

tion of its further participation therein. Prior to said cancellation respondent had decided not to avail itself of the extensions of the Liberty Bell Insurance Company and other reinsurers representing the said five per cent, and to whom it had not presented reinsurance certificates; but upon the cancellation by the Liverpool & London & Globe Insurance Company, which represented five per cent of the risk, respondent decided to utilize the extensions of the reinsurers representing five per cent of said risk, to whom it had not sent applications for reinsurance; and on or about December 17, 1930, respondent prepared an application to the Liberty Bell Insurance Company, but did not at that time, nor until a loss occurred at Tracy, notify said last named company of its intention to use said company's extension. On December 25, 1930, the Holly Sugar Company's property at Tracy was damaged by fire in the amount of $431,311.97, which was paid by respondent to the insured. Thereafter and on December 27, 1930, respondent presented to said Liberty Bell Insurance Company the said application, which was not accepted. On April 12, 1931, respondent sent said company its claim for its proportional loss under the said extension, and payment thereof was refused. On August 17, 1931, respondent tendered to the Liberty Bell Insurance Company the one year's premium on said reinsurance, but same was refused.

Under these facts the question for determination is whether or not appellants are liable to respondent for their proportion of the loss in the Tracy fire. ■ The said extension or covering clause as issued by the Liberty Bell Insurance Company to respondent was as follows: "12–1–30 WJM Kept covered ~~thirty~~ 60 days from expiration pending renewal WJM 10–3–30", and was endorsed on the back of said certificate No. 213. A covering note is a contract of present insurance. (*Law* v. *Northern Assur. Co.*, 165 Cal. 394, 402 [132 Pac. 590]; *Jones* v. *International Indemnity Co.*, 39 Cal. App. 706 [179 Pac. 692]; *Kerr* v. *Union Marine Ins. Co.*, 124 Fed. 835.)

Appellants contend that there was no consideration for this "keep covered" contract. The law seems to be well settled that a "binder" contract or "keep covered" contract need not express any consideration, there being an implied agreement to pay the usual premium. (Couch on Insurance,

sec. 91.) Temporary contracts of this sort are frequently construed by the courts as implying the customary rates, even when no premium is specified in the "covering note" or "binding slip". (*Law* v. *Northern Assur. Co., supra,* at p. 403; *J. C. Smith & Wallace Co.* v. *Prussian Nat. Ins. Co.,* 68 N. J. L. 674 [54 Atl. 458].) It was stipulated that the custom and procedure on the Pacific Coast, in matters of this kind, is that the reinsured company, prior to the expiration of a policy which it anticipates may be renewed, takes the reinsurance certificate to the reinsurer, and requests that the protection and coverage of such reinsurance be extended for a period of time, so as to enable the reinsured to obtain the renewal of its policy, and such reinsurance certificates as it may desire for the ensuing year. If the reinsurer is agreeable to reinsuring the line and wishes to grant such extension, it marks on said reinsurance certificate the words "Kept Covered ...... days from expiration pending renewal"; the purpose of such "keep covered" note being to provide automatic cover for the reinsured under the same terms of the policy in force, pending such time as it is definitely known whether or not such policy will be renewed and the reinsurance offered under the terms of the "keep covered" note required.

Appellants contend that respondent had completed its reinsurance schedule in which the Liberty Bell Insurance Company was not included, and had decided not to use the "kept covered" agreement of said company; that therefore respondent by its failure to apply to said company for reinsurance had abandoned it. None of these facts were communicated to appellants, and the subsequent cancellation of the reinsurance of the Liverpool & London & Globe Insurance Company caused it to reconsider the matter. We are of the opinion that this did not amount to an abandonment.

Appellants also contend that the "kept covered" clause, which stated "Kept covered ~~thirty~~ 60 days from expiration pending renewal", meant that the coverage should cease to have effect immediately upon renewal of the policy. If it was intended that the cover note should have that construction, it would have read as follows: "Kept covered 60 days or until renewal was decided." It is evident that the sixty-day extension was desired by respondent to enable it

to secure the reinsurance it needed or desired. Had the Liberty Bell Insurance Company desired to withdraw its reinsurance before the expiration of said extension, it should have notified respondent of its cancellation of said reinsurance. Upon its failure to do so, respondent had the right to rely upon its continued reinsurance until the expiration of the extension.

There is no evidence of waiver upon the part of respondent; nor is it estopped by any acts committed by it.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 11, 1936, and an application by appellants, to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 8, 1936.